[Cite as *State v. Tackett*, 2019-Ohio-4960.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case Nos. 18CA22 |
| | : | 18CA23 |
| vs. | : | |
| | : | DECISION AND |
| NATASHA M. TACKETT, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

Michael R. Huff, Athens, Ohio, for Appellant.

James K. Stanley, Meigs County Prosecuting Attorney, Pomeroy, Ohio, for Appellee.

_____

Smith, P.J.

{¶1} This is an appeal from a Meigs County Common Pleas Court judgment of conviction and sentence. Appellant, Natasha Tackett, pled guilty to one count of breaking and entering, a fifth-degree felony in violation of R.C. 2911.13(A), and one count trafficking in drugs, a fifth-degree felony in violation of R.C. 2925.03(A)(2). The trial court sentenced Appellant to twelve-month prison terms for each offense and ordered that the prison terms be served consecutively. On appeal, Appellant contends that the trial court committed error by imposing consecutive sentences without making all of the findings mandated by R.C.

2929.14(C)(4) and properly incorporating the statutory findings into the sentencing entries. Because the trial court failed to make the required findings before imposing consecutive sentences and also failed to incorporate the necessary findings into the sentencing entries, we conclude Appellant's sole assignment of error is meritorious and it is sustained. Accordingly, the sentences imposed by the trial court are hereby vacated and the matter is remanded to the trial court for a new sentencing hearing.

## FACTS

{¶2} Appellant, Natasha Tackett, was indicted on February 15, 2018 for one count of breaking and entering, a fifth-degree felony in violation of R.C. 2911.13(A), stemming from an incident that occurred on January 3, 2018. She was later indicted on April 11, 2018, on one count of trafficking in drugs, a fifth-degree felony in violation of R.C. 2925.03(A)(2) and (C)(2)(a), stemming from an incident that occurred on September 21, 2017. The two cases proceeded through the litigation process below and were never consolidated. However, it appears Appellant entered into plea negotiations with the State which resulted in her entering guilty pleas to both charges in exchange for a jointly recommended sentence. The terms of the plea agreement required Appellant to enter guilty pleas to both charges in exchange for the State's recommendation that she be sentenced to a twelve-month prison term for her conviction for trafficking in drugs, and that

she be sentenced to a five-year term of community control for her breaking and entering conviction, to be served upon completion of her prison term.

{¶3} On the day of her sentencing hearing Appellant submitted to a drug screen. The trial court stated on the record that the results of the drug screen indicated Appellant had Amphetamines, Methamphetamines, Suboxone and "Oxy" in her system.[1] Appellant disputed the results of the screen and asked for further testing, however, the record before us does not contain any further test results or updated information. Thereafter, by separate entries dated August 30, 2018, the trial court sentenced Appellant to twelve-month prison terms for both offenses and ordered them to be served consecutively for a total prison term of twenty-four months.

{¶4} Appellant filed a pro se motion for leave to file delayed appeals in both cases on February 7, 2019. Her motion was granted by this Court on April 3, 2019. These cases were consolidated for purposes of appeal and Appellant was appointed counsel. Now, on appeal, Appellant raises a single assignment of error for our review and consideration.

ASSIGNMENT OF ERROR

I.    "THE TRIAL COURT COMMITTED ERROR BY IMPOSING CONSECUTIVE SENTENCES BUT FAILED TO MAKE ALL THE FINDINGS MANDATED BY R.C. 2929.14(C)(4)

---

[1] The State attached a copy of what purports to be Appellant's drug screen results to its appellate brief. However, because it does not appear the test results were made part of the record below, they are not part of the record for purposes of appeal.

AND PROPERLY INCORPORATING ITS STATUTORY
FINDINGS INTO THE SENTENCING ENTRIES."

LEGAL ANALYSIS

{¶5} In her sole assignment of error Appellant contends that the trial court erred in imposing consecutive sentences without making all of the findings required by R.C. 2929.14(C)(4) and without properly incorporating the necessary statutory findings into the sentencing entries.  More specifically, Appellant argues that the trial court "failed to comment in any way on the proportionality language of the initial language of (C)(4)" and thus failed to find "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public."  Appellant further argues that although the trial court stated consecutive sentences were "necessary to protect the public," it failed to further state that they were necessary to protect the public "from future crime."  Appellant also notes that although the trial court found the offenses were "part of a course of conduct," the offenses were committed on two different dates and were unrelated.  Finally, Appellant argues that the trial court failed to incorporate the necessary findings into the sentencing entries, and instead simply stated "the Court makes the appropriate findings to impose said consecutive sentence as required by Section 2929.14(C)(4) of the Revised Code."  The State responds by arguing that "[t]he trial court did not commit error by imposing consecutive sentences because the trial court made all the findings mandated by

R.C. 2929.14(C)(4) and properly incorporated its statutory findings into the sentencing entries."

{¶6} Generally, appellate courts review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v Blanton*, 4th Dist. Adams No. 16CA1031, 2018-Ohio-1275, ¶ 97; *State v. Bever*, 4th Dist. Washington No. 13CA21, 2014-Ohio-600, ¶ 13. That statute directs an appellate court to "review the record, including the findings underlying the sentence," and to modify or vacate the sentence "if it clearly and convincingly finds * * * (a) [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code * * * [or] (b) [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2). This means that the appellate court must clearly and convincingly find that the record does not support the trial court's findings, which is an extremely deferential standard of review. *Blanton* at ¶ 99; *State v. Bass*, 4th Dist. Washington No. 16CA32, 2017-Ohio-7059, ¶ 7.

{¶7} "[I]n order to impose consecutive terms of imprisonment, a trial court is required to make findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.3d 659, ¶ 29. A failure to make the findings required by R.C. 2929.14(C)(4) renders a consecutive sentence contrary to law.

*State v. Bever*, *supra*, at ¶ 17; *State v. Stamper*, 12th Dist. Butler No. CA2012–08–166, 2013–Ohio–5669, ¶ 23.  Specifically, the sentencing court must find, pursuant to R.C. 2929.14(C)(4) that: (1) "the consecutive sentence is necessary to protect the public from future crime or to punish the offender"; (2) "the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) one of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the

public from future crime by the offender.

{¶8} A review of the record before us reveals that the trial court failed to make a finding that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender posed to the public. It appears that although the trial court did make an earlier statement that included the word "proportionate" under its general consideration of the overriding principles and purposes of felony sentencing as required by R.C. 2929.11, 2929.12 and 2929.13, it did not make such a finding as to the imposition of consecutive sentences under R.C. 2929.14. For instance, the trial court stated as follows:

> The Court is also ensuring that sentence is not based on
> impermissible purposes, and is consistent with other similar
> offenses committed by like offenders, is proportionate harm
> caused the impact upon any victim. [sic].

However, when the trial court transitioned into its justifications for imposing consecutive sentences, the court only stated as follows:

> Um, the Court is going to make a finding also pursuant to
> twenty-nine, twenty-nine fourteen "c" four (2929.14)(C)(4),
> that two (2) or more offenses are part of a course of conduct
> and the harm caused is so great or unusual that a single
> prison term will not accurately reflect the seriousness of

the conduct or criminal history. It demonstrates that consecutive sentences are necessary to protect the public.

{¶9} Thus, as argued by Appellant, there was no finding made by the trial court in reference to the imposition of consecutive sentences that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," or that they were necessary to protect to the public "from future crime by the offender." This Court recently held in *State v. Robinson*, a case involving an essentially identical argument and involving the same court, that findings in support of the imposition of consecutive sentences "must be separate and distinct, in addition to any findings that relate to the purposes and goals of criminal sentencing." *State v. Robinson*, 2019-Ohio-2155, -- N.E.3d –, ¶ 33 (4th Dist. 2019), citing *State v Blanton*, *supra*, at ¶ 96 and *State v. Bever*, *supra*, at ¶ 17. As a result, we must find that here, the record before us demonstrates the trial court failed to make the necessary findings before imposing consecutive sentences.

{¶10} Further, based upon the record before us, it appears the trial court erred in finding that the offenses at issue here were committed as "part of a course of conduct." As noted by Appellant in her brief, the two offenses at issue were committed on separate dates and there is nothing in the record before us to indicate

they were related.  Appellant was indicted on February 15, 2018, on one count of breaking and entering that occurred on January 3, 2018.  Appellant was later indicted on April 11, 2018, on one count of trafficking in drugs that occurred on September 21, 2017.  There is no evidence in the record explaining how these two offenses were related or were committed as part of one or more courses of conduct. The same error was also found in *State v. Robinson*, *supra*, and resulted in the sentences being vacated.  *State v. Robinson* at ¶ 35.  In *Robinson*, we reasoned that "[t]ypically, a finding of the course of conduct factor is reserved for multiple instances or related acts."  (Citation omitted.)  *Id.*  In the case presently before us there is simply no evidence that these two offenses were even related.  In the absence of such evidence we cannot find that the record supports this finding made by the trial court.

{¶11} Finally, Appellant argues that the trial court erred in failing to incorporate the statutory findings required for the imposition of consecutive sentences into the sentencing entries.  As Appellant notes, a review of the sentencing entries here reveals that the trial court did not include any specific findings in support of consecutive sentences in the sentencing entries.  Instead, the trial court simply stated that "[t]he Court makes the appropriate findings to impose said consecutive sentence as required by Section 2929.14(C)(4) of the Ohio Revised Code."  The initial problem with this statement is that, as discussed above,

the court did not make the "appropriate findings to impose said consecutive sentence[s]" on the record at the sentencing hearing. Thus, this statement is factually inaccurate. The exact same issue was presented in *State v. Robinson*, *supra*, at ¶ 36. In *Robinson* we described the court's statement as only a "cursory statement" and held that because the trial court had failed to actually make the necessary findings on the record during the sentencing hearing, the trial court failed to comply with R.C. 2929.14(C) and *State v. Bonnell*, *supra*, at ¶ 37. In *Bonnell*, the Supreme Court of Ohio held that "[i]n order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *." *Id*. We cannot conclude that a generic reference to findings made at the sentencing hearing constitutes incorporating the findings into the sentencing entry, as contemplated by *Bonnell*, especially when the findings made on the record at the sentencing hearing were deficient.

{¶12} Therefore, we conclude the trial court did not adequately comply with R.C. 2929.14(C) and did not adequately provide the necessary support for the course of conduct finding. As such, the consecutive sentences imposed were contrary to law. Furthermore, not only did the trial court fail to make the necessary findings at the sentencing hearing, it failed to specifically incorporate any of its findings into the sentencing entry consistent with the dictates of *State v. Bonnell*,

*supra*. Thus, in light of the foregoing, Appellant's sole assignment of error is sustained, the sentences imposed by the trial court are hereby vacated, and the matter is remanded to the trial court for a new sentencing hearing.

**JUDGMENT REVERSED AND CAUSE REMANDED FOR RESENTENCING CONSISTENT WITH THIS OPINION.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED FOR RESENTENCING CONSISTENT WITH THIS OPINION. Costs be assessed to Appellee.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hess, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Jason P. Smith, Presiding Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**