[Cite as *State v. Marcum*, 2020-Ohio-3962.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

STATE OF OHIO,                          :
                                        :        Case No. 19CA7
    Plaintiff-Appellee,             :
                                        :
    vs.                             :        <u>DECISION AND JUDGMENT</u>
                                        :        <u>ENTRY</u>
JAMES MARCUM                            :
                                        :
    Defendant-Appellant.            :
_____

APPEARANCES:

Benjamin Fickel, Hocking County Prosecutor, Logan, Ohio, for Appellee.

Ryan Shepler, Kermen & Shepler, LLC, Logan, Ohio, for Appellant.
_____

Smith, P.J.

{¶1} This is an appeal from a Hocking County Court of Common Pleas judgment entry that sentenced Appellant, James Marcum, to three concurrent five-year terms of community control, with a requirement that he enter a community based correctional facility ("CBCF") and successfully complete the program and follow through with the recommendations. The trial court advised Marcum that a violation of community control may result in more restrictive community control sanctions or the imposition of separate, reserved prison terms, ordered to be served consecutively for an

aggregate period of forty-two months. After reviewing the facts of the case and applicable law, we hold that the trial court's sentence was not clearly and convincingly contrary to law. Therefore, we overrule Appellant's assignment of error and affirm the judgment of the trial court.

FACTS

{¶2} On March 9, 2018, the State charged Appellant with identity fraud in violation of R.C. 2913.49(B)(2), two counts of forgery in violation R.C. 2913.31(A)(1), and two counts of passing bad checks in violation of R.C. 2913.11(B). Appellant pleaded not guilty to all charges.

{¶3} On January 8, 2019, Marcum reached a plea agreement with the State whereby he would plead guilty to identity fraud and the two counts of forgery, with the remaining two counts being dismissed. As part of the agreement, the State agreed to recommend community control sanctions, including the completion of a CBCF program and restitution. During the plea hearing, the trial court found that Marcum was eligible for community control sanctions. After a colloquy with Marcum, the trial court accepted the pleas.

{¶4} The trial court then proceeded to sentencing and asked "[a]s to reserved sentences, would those be consecutive?" The State responded: "Considering his past record, I would say yes." Defense counsel stated "I

believe that the State is entitled to that." The trial court then imposed three concurrent five-year terms of community control sanctions, with a requirement that Marcum enter and successfully complete a CBCF program. The trial court also informed Marcum that if he violated the community control sanctions, the trial court could lengthen or impose a more restrictive community control sanction, or a "reserved term of imprisonment on count one would be 18 months; Count Two, 12 months; and Count Five, 12 months. Those would be consecutive to each other for a total of 42 months total reserve time of imprisonment." The trial court also issued a judgment entry of sentencing that in pertinent part stated: "[D]efendant's violation of Community Control may result in more restrictive Community Control Sanctions *or* a term of eighteen (18) months in prison on Count 1; twelve (12) months in prison on Count 2; and twelve (12) months in prison on Count 5[,] sentences to be served consecutive to each other, total term of 42 months in prison." (Emphasis added.) It is from this judgment that Appellant appeals, asserting a single assignment of error.

ASSIGNMENT OF ERROR

"THE TRIAL COURT ERRED BY SENTENCING THE
DEFENDANT TO CONCURRENT TERMS OF
COMMUNITY CONTOL BUT CONSECUTIVE
RESERVED TERMS OF IMPRISONMENT."

{¶5} Marcum argues his sentence is contrary to law because when the trial court informed him that he could receive consecutive prison terms if he violated his community control sanctions it did not make the findings required by R.C. 2929.14(B)(4) for the imposition of consecutive sentences. Consequently, Appellant argues that we should reverse the judgment of the trial court and remand the case "with instructions to advise the defendant of underlying concurrent sentences."

{¶6} In response, the State concedes that the trial court made no findings pursuant to R.C. 2929.14(C)(4) at sentencing. Nevertheless, the State contends that the sentence is not contrary to law. The State argues that the trial court imposed a sentence of community control sanctions, but "reserved" prison terms that could be imposed if Marcum would violate his community control sanctions. The State further argues that the findings required by R.C. 2929.14(C)(4) for the imposition of consecutive sentences are required only at the time that a court actually imposes consecutive sentences, not when it merely notifies a defendant of prison sentences that could be imposed as a punishment for violating community control sanctions. Therefore, the State argues, because the trial court in this case merely reserved prison sentences as a punishment to be imposed only if Marcum violates his community control, no findings were necessary under

R.C. 2929.14(C)(4). Thus, the State argues Marcum's sentence is not contrary to law and the trial court's judgment should be affirmed.

Standard of Review

{¶7} We may reverse a felony sentence only "if the court clearly and convincingly finds either that 'the record does not support the sentencing court's findings' under the specified statutory provisions or 'the sentence is otherwise contrary to law.' " *State v. Taylor*, 4th Dist. Lawrence No. 15CA12, 2016-Ohio-2781, ¶ 40, quoting *State v. Marcum*, 146 Ohio St. 3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. " 'Clear and convincing evidence is that measure or degree of proof * * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *Marcum, supra*, at ¶ 22, quoting *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus (1954).

{¶8} It has previously been explained as follows regarding the deferential nature of this standard of review:

> " 'This is a very deferential standard of review, as the question is not whether the trial court had clear and convincing evidence to support its findings, but rather, whether we clearly and convincingly find that the record fails to support the trial court's findings.' "

*State v. Ray*, 2d Dist. Champaign No. 2017-CA-33, 2018-Ohio-3293, ¶ 11,

quoting *State v. Cochran*, 2d Dist. Clark No. 2016-CA-33, 2017-Ohio-217,

¶ 7. "A failure to make the findings required by R.C. 2929.14(C)(4) renders

a consecutive sentence contrary to law." *State v. Tackett*, 4th Dist. Meigs

Nos. 18CA22, 18CA23, 2019-Ohio-4960, ¶ 7, citing *State v. Bever*, 4th Dist.

Washington No. 13CA21, 2014-Ohio-600, ¶ 17.

Legal Analysis

{¶9} Pursuant to R.C. 2929.15, under the appropriate circumstances,

such as when a prison term is not required, a court may impose community

control sanctions as a sentence for a felony offense. R.C. 2929.16(1)-(6)

sets out a non-exhaustive list of residential community control sanctions that

include entering a CBCF, jail, halfway house, etc. R.C. 2929.17(A)-(D) sets

out a non-exhaustive list of non-residential community control sanctions that

includes a term of day reporting, house arrest with electronic monitoring,

community service, drug treatment program, etc.

> A trial court has three options for punishing offenders who
> violate community control sanctions. The court may (1) lengthen
> the term of the community control sanction, (2) impose a more
> restrictive community control sanction, or (3) impose a prison
> term on the offender.

*State v. McPherson*, 142 Ohio App. 3d 274, 278, 755 N.E.2d 426 (4th Dist. 2001); *see also* R.C. 2929.15(B)(1)(a)-(c).

{¶10} Initially, we note that it appears a trial court is not prohibited, per se, from sentencing an offender to concurrent terms of community control but consecutive prison terms as a possible punishment for violating those community control sanctions. *See e.g. State v. Dusek*, 4th Dist. Hocking No. 18CA18, 2019-Ohio-3477, ¶ 4 (the trial court imposed concurrent community control sanctions but notified appellant that violating those sanctions could result in consecutive prison terms).[1] "R.C. 2929.19(B)(4) requires the trial court, when imposing a community control sanction, *notify* the offender that if the conditions of the sanction are violated, the court may impose a prison term and shall include the *specific prison term* that *may be imposed*." (Emphasis added.) *State v. White*, 4th Dist. Hocking Nos. 16CA23 and 17CA1, 2017-Ohio-8275, ¶ 17. However, as the Twelfth District Court of Appeals has recognized:

> [I]t is possible that the specific prison term of which notice is given pursuant to R.C. 2929.19(B)(4) may never be ordered to be served. For instance, should the defendant be found to have

---

[1] This is primarily because " ' * * *when the defendant violates community control, the court imposes an appropriate sanction for that misconduct, but not for the original or underlying crime.' " *State v. Hart*, 4th Dist. Athens No. 13CA8, 2014-Ohio-3733, ¶ 23, quoting *State v. Beverly*, 4th Dist. Ross No. 01CA2603, 2002–Ohio–118, *3.

violated the terms of community control, the sentencing court may elect pursuant to R.C. 2929.15(B)(1)(a) or (b) to sentence the defendant to a non-prison term sanction; or, if the sentencing court elects to sentence the defendant to a prison term, pursuant to R.C. 2929.15(B)(2), the prison term may be less than the specific prison term of which notice was given when the defendant was originally sentenced to community control.

*State v. Duncan*, 12th Dist. Butler Nos. CA2015-05-086, CA2015-06-108, 2016-Ohio-5559, 61 N.E.3d 61, ¶ 18.

{¶11} *White* and *Duncan* make clear that when imposing community control sanctions as a sentence, a trial court must *notify* the defendant of *any permissible possible punishments*, including a *specific prison term* that *may be imposed* if the offender violates their community control sanctions. Consequently, it is axiomatic that as long as the offender had notice of the permissible, possible punishments, the court has discretion which punishments to impose if a violation occurs, including consecutive prison terms. Further, no punishment, regardless of its nature, is actually imposed until after the defendant commits a violation. *See e.g*. *State v. Gray*, 4th Dist. Scioto No. 18CA3857, 2019-Ohio-5317, ¶ 1. Therefore, only after an offender violates his or her community control sanctions, and if the court

decides that the appropriate punishment is consecutive prison terms, is the punishment imposed. It is at that time that the court must make the findings for the imposition of consecutive sentences under R.C. 2929.14(C)(4). *State v. Howard*, 2020-Ohio-3195, -- N.E.3d --, ¶ 24-27 (explaining that when a defendant is initially sentenced to community control, the imposition of prison terms for a violation of community control is only "potential in nature" and thus, "R.C. 2929.14(C)(4) becomes relevant when 'multiple prison terms *are imposed*.' "); *see also State v. Bika*, 11th Dist. Portage Nos. 2018-P-0096, 2018-P-0097, 2019-Ohio-3841. Notably, in *Howard*, the Supreme Court of Ohio reversed "the portion of the Tenth District's decision concluding that the trial court had not been required to make consecutive-sentences findings when it revoked Howard's community control and imposed consecutive sentences." *Howard* at ¶ 25.

{¶12} In this case, the trial court's statements at the sentencing hearing and in the sentencing entry informed Marcum that if he violated his community control sanctions he could be subject to more restrictive community control sanctions *or* consecutive prison terms for an aggregate forty-two month prison term. Therefore, the court fulfilled its obligation of notifying Marcum of the specific prison terms that may be one of the two possible punishments that the court could impose if he violated his

community control sanctions.  However, the trial court only has to make the R.C. 2929.14(C) findings required for the imposition of consecutive sentences if and when a community control violation occurs which the court determines warrants the imposition of consecutive sentences.

### Conclusion

{¶13} Accordingly, we do not find that the trial court's sentence was clearly and convincingly contrary to law by merely notifying Marcum at his sentencing hearing that if he violates his community control sanctions he could be sentenced to consecutive prison sentences even though the court made no findings pursuant to R.C. 2929.14(C)(4) at that time.  Therefore, we affirm the trial court's judgment.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hess, J. Concur in Judgment and Opinion.

For the Court,

_____
Jason P. Smith
Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**