[Cite as *State v. Brickles*, 2021-Ohio-178.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

STATE OF OHIO,                           :

    Plaintiff-Appellee,              :    Case No.   19CA16

    vs.                              :

JIMMY BRICKLES,                          :    DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.             :

_____

APPEARANCES:

Evan N. Wagner, Columbus, Ohio, for appellant.[1]

Judy C. Wolford, Pickaway County Prosecuting Attorney, and Jayme H. Fountain, Assistant Prosecuting Attorney, Circleville, Ohio, for appellee.

_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 1-20-21
ABELE, J.

{¶ 1} This is an appeal from a Pickaway County Common Pleas Court judgment of conviction and sentence. Jimmy Brickles, defendant below and appellant herein, pleaded guilty to (1) one count of operating a motor vehicle while under the influence of alcohol or a drug of abuse, and (2) one count of failure to comply with the order or signal of a police officer.

{¶ 2} Appellant assigns one error for review:

ASSIGNMENT OF ERROR:

"THE TRAIL [SIC] COURT ERRED IN FAILING TO MAKE THE

---

[1] Different counsel represented appellant during the trial court proceedings.

REQUIRED FINDINGS UNDER R.C. 2929.14(C)(4) AT BRICKLES'
SENTENCING HEARING PRIOR TO IMPOSING CONSECUTIVE
SENTENCES OF IMPRISONMENT."

{¶ 3} On September 7, 2018, a Pickaway County Grand Jury returned an indictment that charged appellant with (1) one count of operating a motor vehicle while under the influence of alcohol or a drug of abuse in violation of R.C. 4511.19(A)(1)(j)(iii), a fourth-degree felony, (2) one count of operating a motor vehicle while under the influence of alcohol or a drug of abuse in violation of R.C. 4511.19(A)(1)(j)(viii)(II), a fourth-degree felony, and (3) one count of failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B), a third degree felony.

{¶ 4} Pursuant to the parties' agreement, appellant pleaded guilty to counts one (operating a motor vehicle under the influence) and three (failure to comply), and the trial court dismissed count two.[2]  The court accepted appellant's plea and imposed (1) a thirty-month-prison sentence for the OVI (with a mandatory sixty days served), and (2) a thirty-six-month prison sentence on the failure to comply.  The court further ordered the sentences to be served "consecutive to one another and consecutive to the case imposed by the Clark County Court of Common Pleas, Clark County, Ohio."  This appeal followed.

{¶ 5} In his sole assignment of error, appellant asserts that, during the sentencing hearing, the trial court did not make all  the findings necessary to impose consecutive sentences.  In particular, appellant contends that a court must make all the R.C. 2929.14(C) findings at the sentencing hearing before it may impose consecutive terms of imprisonment.

{¶ 6} In general, appellate courts review felony sentences under the standard set forth in R.C.

---

[2] At first glance it may appear that the parties' agreed sentence recommendation should preclude any appeal regarding appellant's sentence.  R.C. 2953.08(D)(1).  However, the trial court's sentence did not fully adopt the parties' recommendations and neither party asserts that the statute should apply to preclude an appeal.

2953.08(G)(2). *State v. Blanton,* 4th Dist. Adams No. 16CA1031, 2018-Ohio-1275, ¶ 97; *State v. Bever,* 4th Dist. Washington No. 13CA21, 2014-Ohio-600, ¶ 13. Pursuant to R.C. 2953.08(G)(2), an appellate court may "review the record, including the findings underlying the sentence," and modify or vacate the sentence if the court "clearly and convincingly" finds either that "the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code * * * [or] (b) [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2). This means that an appellate court must clearly and convincingly determine that the record does not support a trial court's findings, which is an extremely deferential standard of review. *Blanton* at ¶ 99; *State v. Tackett*, 4th Dist. Meigs No. 18CA22, 18CA23, 2019-Ohio-4960, ¶ 6. R.C. 2953.08 provides for appeals based on felony sentencing guidelines. Pursuant to R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either "that the record does not support the sentencing court's findings," under the specified statutory provisions, or "the sentence is otherwise contrary to law." *State v. Mitchell*, 4th Dist. Meigs No. 13CA13, 2015-Ohio-1132, ¶ 11; *State v. Brewer*, 2014-Ohio-1903, 11 N.E.3d 317, ¶ 37 (4th Dist.). "[C]lear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. Thus, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds, by clear and convincing evidence, that the record does not support the sentence. *State v. Walker*, 4th Dist. Gallia No. 19CA1,

2020-Ohio-617, ¶ 19.

{¶ 7} Turning to the merits of appellant's argument, "in order to impose consecutive terms of imprisonment, a trial court is required to make findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29. A failure to make the appropriate R.C. 2929.14(C)(4) findings renders a consecutive sentence contrary to law. *State v. Bever*, *supra*, at ¶ 17; *State v. Stamper*, 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669, ¶ 23. In particular, a sentencing court must find, pursuant to R.C. 2929.14(C)(4), that (1) "the consecutive sentence is necessary to protect the public from future crime or to punish the offender,"; (2) "the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) one of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 292917, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 8} In the case sub judice, appellant argues that the trial court failed to find that consecutive sentences are necessary to protect the public from future crime or to punish the offender, and not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to

the public. Appellant points out that after the court addressed consecutive sentences for the failure

to comply and the OVI, the court turned to the issue of appellant's current Clark County sentence:

> I guess I have to make the *Bonnell* findings with respect to running this consecutive to his current sentence he's serving now.
>
> He was under a sanction pursuant to section 2929.16, 2929.17, or 2929.18, or is under sanction for control. The court finds that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused was so great or unusual that no single prison term for any of the offenses committed as part of the courses of conduct adequately reflects the seriousness of defendant's conduct.
>
> And lastly, his history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime from Mr. Brickles.
>
> It will be the order of the court the sentences therefore be ordered consecutive to any
>
> sentence he's currently serving.

The entry also states that the sentences in this case must "be served consecutive to one another and

consecutive to the case imposed by the Clark County Court of Common Pleas, Clark County, Ohio."

In so finding, the court stated:

> The Court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense and at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct. The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 9} Our review in the case at bar reveals that the trial court's sentencing entry appears to

satisfy the R.C. 2929.14(C)(4) requirements. However, it also appears that the trial court's oral

pronouncement at the sentencing hearing may not have satisfied the pertinent requirements. Here, the trial court found all three R.C. 2929.14(C)(4)(a)-(c) factors to be present, even though the court need find only one factor. However, it appears that the trial court did not make either of the requisite findings under R.C. 2929.14(C)(4). Additionally, even if we assume, arguendo, that the court's statements regarding the protection of the public satisfies the R.C. 2929.14(C)(4) mandate, the trial court did not find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." In *State v. Tackett*, *supra*, 4th Dist. Meigs No. 18CA22, 18CA23, 2019-Ohio-4960, we held that a court's failure to find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender posed to the public did not satisfy the R.C. 2929.14 finding regarding the imposition of consecutive sentences, even though the court did make a statement that included the word "proportionate" under its general consideration of the overriding principles and purposes of felony sentencing as required by R.C. 2929.11, 2929.12, and 2929.13. The trial court in *Tackett* stated:

> The Court is also ensuring that sentence is not based on impermissible purposes, and
> is consistent with other similar offenses committed by like offenders, is proportionate
> harm caused the impact upon any victim. [sic.] *Tackett* at ¶ 8.

{¶ 10} Therefore, in the case sub judice it appears that the trial court did not adequately address the proportionality issue. While we recognize that a high degree of overlap exists between R.C. 2929.14(C) and R.C. 2929.14(C)(4)(b), the court apparently did not conduct the necessary proportionality analysis and make the required finding.

{¶ 11} Consequently, because we do not believe the trial court made all of the necessary

findings on the record at the sentencing hearing to impose consecutive sentences, the trial court did not comply with R.C. 2929.14(C) and *Bonnell*'s requirement that a court is "required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *." *Bonnell, supra,* at ¶ 37. Accordingly, based upon the foregoing reasons, we conclude that the trial court did not adequately comply with R.C. 2929.14(C) and, at this juncture, the imposition of consecutive sentences is contrary to law. Therefore, we sustain appellant's sole assignment of error, vacate the sentences and remand the matter to the trial court for re-sentencing. We hasten to add, however, that our decision should not be construed as a comment on the propriety of consecutive sentences. On remand, the trial court may choose to impose any sentence it deems appropriate under the pertinent statutory provisions.

{¶ 12} Furthermore, we also express our sympathy to trial courts for their unenviable task of attempting to navigate Ohio's complex and convoluted web of felony sentencing statutes and issues. Prior to 1996, Ohio felony sentences involved simple, straight-forward statutes that the bench, bar, and most importantly, the general public could easily understand. Since that time, Ohio's sentencing scheme has failed to promote judicial economy and diminishes the general public's understanding of the criminal justice system. All laws should be clear, precise and uniform. Unfortunately, Ohio's felony sentencing scheme falls short of that goal.

JUDGMENT REVERSED AND CAUSE
REMANDED FOR RE-SENTENCING
CONSISTENT WITH THIS OPINION.

JUDGMENT ENTRY

It is ordered that the judgment be reversed and cause remanded for re-sentencing consistent with this opinion.   Appellant recover of appellee the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.   The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.   If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.   Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & *Myers, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

*Judge Beth A. Myers, First District Court of Appeals, sitting by assignment of the Ohio Supreme Court in the Fourth Appellate District.

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.