[Cite as *State v. Williams*, 2015-Ohio-5113.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | Nos. 14AP-702<br>(C.P.C. No. 13CR-1882) |
| | | 14AP-703 |
| v. | : | (C.P.C. No. 13CR-766) |
| | | and 14AP-704 |
| DeAngelo L. Williams, | : | (C.P.C. No. 13CR-2606) |
| Defendant-Appellant. | : | |
| | | (REGULAR CALENDAR) |
| | : | |

---

D E C I S I O N

Rendered on December 10, 2015

---

*Ron O'Brien,* **Prosecuting Attorney, and** *Barbara A. Farnbacher,* **for appellee.**

*Yeura R. Venters,* **Public Defender, and** *Timothy E. Pierce,* **for appellant.**

---

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} DeAngelo L. Williams is appealing from his convictions of various felonies and from the sentence imposed upon him. He assigns two errors for our consideration:

> [I.] The trial court erred when it determined that Appellant was competent to stand trial in violation of R.C. 2945.37 *et. seq.* and his right to due process of law under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 1 and 16 of the Ohio Constitution.

> [II.] The lower court committed plain error by issuing a judgment entry awarding only four (4) days of jail time credit relative to common pleas case no. 13CR-1882 when at the August 7, 2014 hearing it granted Appellant five-hundred and two (502) days of credit. The court's actions violated Crim. R.

43(A), R.C. 2929.19(B), Ohio Adm. Code 5120-2-04(D), and Appellant's right to due process under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 1 and 16 of the Ohio Constitution.

{¶ 2} The State of Ohio acknowledges the error with respect to sentencing in case No. 14AP-702. We therefore vacate the sentence in that case and remand case No. 14AP-702 for a new set of sentencing proceedings. The second assignment of error is sustained by agreement of the parties.

{¶ 3} The first assignment of error presents the more critical issue of whether or not Williams was competent to stand trial.

{¶ 4} The record before us demonstrates that Williams is not normal in some ways. Williams describes himself as being mentally retarded. His rambling discussions in open court indicate that he has mental health problems. As a result, the trial court judge assigned to his case obtained psychological reports to aid the judge in determining whether or not Williams was competent to stand trial. The reports indicate that Williams had developmental delays, traditionally called "mild mental retardation," but that he understood the proceedings well enough to have him considered to be competent to stand trial.

{¶ 5} Upon hearing testimony from one of the psychologists who evaluated Williams, the judge assigned to the case initially ruled that Williams was not competent. After doing some research into the relevant case law, the judge reached the opposite conclusion.

{¶ 6} After the finding of competency, a plea agreement was reached. Williams entered a series of guilty pleas and a pre-sentence investigation was ordered.

{¶ 7} Williams continued to act abnormally between the plea and his sentencing date. He also indicated some lack of understanding of the proceedings, asking the court to sentence him to the Timothy B. Moritz Center at Twin Valley Behavioral Healthcare, which treats people with mental health problems. The felonies to which Williams pled required extensive incarceration, especially the convictions of aggravated robbery and felonious assault.

{¶ 8} Williams finally was sentenced to a total of ten years of incarceration. The sentences were to be served at the Ohio Department of Rehabilitation and Corrections.

The trial court judge requested in the sentencing entry that Williams be placed in an institution with mental health treatment ability.

{¶ 9}   We note that in Ohio, criminal defendants are presumed to be competent to stand trial unless evidence demonstrates otherwise. *See* R.C. 2945.37(G).

{¶ 10} No expert testimony presented in the trial court indicated that Williams was not competent to stand trial. Had defense counsel presented an expert who reached that conclusion, the situation before the trial court judge and the situation before us on appeal might be very different. Neither the trial court nor this court can create a new record.

{¶ 11} The issues in competency evaluations are fairly straightforward. Can the defendant understand the proceedings and can the defendant assist his counsel in defending against the charges? There was no testimony and no report upon which the trial court could rely in determining that Williams failed to appreciate or understand the charges against him. There was also no evidentiary basis for the trial court judge to rule that Williams could not assist his lawyer. Under the circumstances, neither the trial court judge nor this court can conclude that Williams, though clearly troubled, was incompetent. Again, per R.C. 2945.37(G), he is presumed to be competent.

{¶ 12} We also note that Williams has been convicted of crimes repeatedly in times past, which implies that he has been found to be competent to stand trial on numerous prior occasions – 13 times or more.

{¶ 13} As a result of the above, the first assignment of error is overruled.

{¶ 14} In review, the first assignment of error is overruled. The second assignment of error is sustained. The case is remanded for further sentencing proceedings.

*Judgment affirmed in part, reversed in part;*
*case remanded for sentencing proceedings.*

KLATT, J. concurs.
LUPER SCHUSTER, J., concurs in judgment only.
_____