[Cite as *State v. Eury*, 2018-Ohio-1460.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                          :

    Plaintiff-Appellee,                  :          CASE NO.   CA2017-08-125

                                           :                O P I N I O N
- vs -                                                           4/16/2018

                                           :

SEAN PATRICK EURY,                      :

    Defendant-Appellant.                 :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2017-01-0171


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Christopher P. Frederick, 300 High Street, Suite 550, Hamilton, Ohio 45011, for defendant-appellant


**PIPER, J.**

{¶ 1}   Defendant-appellant, Sean Eury, appeals his sentence in the Butler County Court of Common Pleas after pleading guilty to gross sexual imposition.

{¶ 2}   Eury pled guilty to two counts of gross sexual imposition after molesting two children over the course of eight years.  The trial court sentenced Eury to 54 months on one count and 17 months on the other.  The trial court ordered the sentences to run consecutive,

for an aggregate sentence of 71 months in prison. Eury was then designated a Tier II sex offender. Eury now appeals his sentence, raising the following assignment of error:

{¶ 3} THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. EURY WHEN IT SENTENCED HIM TO CONSECUTIVE TERMS OF 54 MONTHS AND 17 MONTHS IN THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS.

{¶ 4} Eury argues in his sole assignment of error that the trial court erred in sentencing him to 71 months in prison because the record does not support the trial court's sentence.

{¶ 5} An appellate court reviews an imposed sentence according to R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *Id.* at ¶ 10. Rather, R.C. 2953.08(G)(2) provides that an appellate court can modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. Thus, this court may increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is either contrary to law or unsupported by the record. *Marcum* at ¶ 7.

{¶ 6} A consecutive sentence is contrary to law where the trial court fails to make the consecutive sentencing findings as required by R.C. 2929.14(C)(4). *State v. Marshall*, 12th Dist. Warren No. CA2013-05-042, 2013-Ohio-5092, ¶ 8. Pursuant to R.C. 2929.14(C)(4), a

trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Smith*, 12th Dist. Clermont No. CA2014-07-054, 2015-Ohio-1093, ¶ 7. Specifically, the trial court must find that (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 7} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell*, 140 Ohio St. 3d 209, 2014-Ohio-3177, ¶ 37. While the trial court is not required to give reasons explaining these findings, it must be clear from the record that the court engaged in the required sentencing analysis and made the requisite findings. *Smith* at ¶ 8.

{¶ 8} After reviewing the record, we find that the trial court's sentence was not contrary to law and was fully supported by the record. Eury was convicted of two counts of gross sexual imposition; one count a third-degree felony and one count a fourth-degree

felony. The sentence for the third-degree felony was 54 months, which is within the statutory range. R.C. 2929.14(A)(3)(a). The sentence for the fourth-degree felony was 17 months, also within the statutory range. R.C. 2929.14(A)(4). The trial court also properly imposed postrelease control.

{¶ 9} The trial court also made the requisite findings regarding consecutive sentences during the sentence hearing and in its sentencing entry. Specifically, the trial court found that the consecutive sentence (1) was necessary to protect the public from future crime and to punish the offender, (2) was not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) at least two of the multiple offenses were committed as part of one or more courses of conduct with resulting harm so great and unusual that no single prison term could adequate reflect the seriousness of Eury's conduct. Also within the trial court's sentencing entry, and as discussed at the sentencing hearing, the trial court considered the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12.

{¶ 10} The trial court's findings and sentence are supported by the record. Eury pled guilty to molesting two children over a period of eight years. Despite admitting to the sexual contact with the children, Eury claimed at various times that the touching was accidental, thus refusing to take full responsibility for his crimes. The trial court determined that Eury did not show "genuine" remorse and that Eury did not recognize the children's suffering. The court also considered the impact Eury's conduct had on the children, including that they suffer from post-traumatic stress disorder, have suicidal tendencies and depression, and must go to counseling on a weekly basis.

{¶ 11} After reviewing the record, we find that the trial court's sentence was imposed according to the statutory requirements and was supported by the record. Thus, Eury's sole assignment of error is overruled.

- 4 -

{¶ 12} Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.