[Cite as *State v. Soupe*, 2021-Ohio-4114.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO/CITY OF HAMILTON, | : | |
| Appellee, | : | CASE NO. CA2021-06-059 |
| | : | O P I N I O N |
| - vs - | | 11/22/2021 |
| | : | |
| MICHAEL SOUPE AKA MICHAEL G. SOAPE, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. 20CRB02869

Vaughn Stupart, City of Hamilton Prosecutor, for appellee.

Engel & Martin, LLC, and Mary K. Martin, for appellant.

**HENDRICKSON, J.**

{¶1} Appellant, Michael Soupe aka Michael G. Soape, appeals from the sentence he received in the Hamilton Municipal Court, arguing the trial court erred in calculating his jail-time credit. For the reasons set forth below, we affirm appellant's sentence.

{¶2} On September 9, 2020, appellant was arrested and charged with one count of burglary, a felony of the second degree, in Case No. 20CRA02868 and with one count of criminal damaging, a misdemeanor of the second degree, in Case No. 20CRB02869.

The charges arose after appellant intentionally drove his vehicle into his ex-girlfriend's vehicle and then attempted to gain entry into his ex-girlfriend's home after breaking the home's windows with a baseball bat.

{¶3} On September 10, 2020, appellant was granted an OR bond in Case No. 20CRB02869. The trial court imposed a $50,000 cash/surety bond in Case No. 20CRA02868, but appellant remained jailed as he did not pay this bond.

{¶4} On September 17, 2020, appellant waived preliminary hearings in both cases and the cases were bound over to be considered by the Butler County Grand Jury. The grand jury chose not to indict appellant on the felony charge of burglary. Instead, the grand jury returned the indictment with the initial second-degree misdemeanor charge of criminal damaging and two new misdemeanors: (1) domestic violence, a misdemeanor of the fourth degree, and (2) criminal damaging, a misdemeanor of the second degree. Appellant, now charged with three misdemeanor offenses, had the charges returned to the Hamilton Municipal Court for further proceedings.

{¶5} The initial misdemeanor charge of criminal damaging continued under Case No. Case No. 20CRB02869. However, the new misdemeanor charges for domestic violence and criminal damaging were assigned a new case number, Case No. 20CRB03406.

{¶6} On May 5, 2021, appellant appeared before the municipal court in both Case No. 20CRB02869 and Case No. 20CRB03406 and pled guilty to all charges. With respect to the criminal damaging charge in Case No. 20CRB02869, the trial court sentenced appellant to 90 days in jail, with jail-time credit for two days. The court then suspended the sentence, placed appellant on supervised community control for two years, and imposed court costs, a $300 fine, and $1,100 in restitution.

{¶7} With respect to the criminal damaging charge in Case No. 20CRB03406, the

court sentenced appellant to 90 days in jail, with jail-time credit for two days. The court indicated the sentence was "consecutive to [his] other sentence" in Case No. 20CRB02869. However, the court suspended the sentence and placed appellant on supervised community control for two years. The court also imposed court costs, a $300 fine, and $6,000 in restitution. Finally, on appellant's domestic violence charge in Case No. 20CRB03406, the trial court imposed a $100 fine and a 30-day jail sentence, with jail-time credit for two days. The court ordered the sentence to be served "consecutively to [the] other two charges," but suspended the jail sentence and sentenced appellant to two years of supervised community control.

{¶8} When the trial court imposed appellant's sentence on the charges in Case No. 20CRB03406, appellant objected to only receiving two days of jail-time credit, arguing he was entitled to credit of 40 to 45 days. The following discussion then occurred:

> THE DEFENDANT: I did 45 days in jail, 40 something days in jail.
>
> THE COURT: You did, but it was on your felony case and you didn't do them on these charges. These - -
>
> THE DEFENDANT: Yeah, yeah, because I – yeah.
>
> THE COURT: It was - -
>
> [DEFENSE COUNSEL]: I think it was vandalism.
>
> THE COURT: It was on his felony case and he didn't get credit for them on these cases.
>
> [DEFENSE COUNSEL]: Well I –
>
> THE DEFENDANT: It was the same charges.
>
> [DEFENSE COUNSEL]: It was essentially the same charges.
>
> THE DEFENDANT: Yeah. I – I –
>
> [DEFENSE COUNSEL]: It was reduced.

THE COURT: It was essentially the same charge, but it wasn't the same charge. It was a felony case, and he was not in on these. I can't give him credit for things that he wasn't in for.

[DEFENSE COUNSEL]: It's the same set of facts. It was just alleged to be a higher level offense that the Grand Jury didn't agree to.

THE COURT: Okay. Well, I'm not making you serve the days. I'm suspending them. If you think that it is incorrect, you're certainly welcome to appeal to the Court of Appeals and see if they want to address whether or not you get credit for these days, that from my perspective he wasn't in jail for.

{¶9} Appellant now appeals, raising the following as his sole assignment of error:

{¶10} THE TRIAL COURT VIOLATED APPELLANT'S CONSTITUTIONAL EQUAL PROTECTION RIGHTS.

{¶11} Appellant contends his equal protection rights were violated when the trial court refused to award jail-time credit for the full amount of time he spent in jail while awaiting trial on the charges that stemmed from the September 9, 2020 incident that led to his arrest.[1]

{¶12} As an initial matter, we note that the only case appellant appealed from was Case No. 20CRB02869. Though appellant attached sentencing entries from both Case No. 20CRB02869 and Case No. 20CRB03406 to his June 4, 2021 Notice of Appeal, the Notice of Appeal only designated Case No. 20CRB02869 as the judgment being appealed. It appears that appellant's appellate counsel attempted to remedy this problem by filing an Amended Notice of Appeal on June 29, 2021. However, the Amended Notice of Appeal was not filed in compliance with App.R. 3 and 4, as it was untimely, had not been filed in both the trial court and appellate court, and failed to designate Case No. 20CRB03406 as

---

1. Appellee, the state of Ohio/city of Hamilton, elected not to file an appellate brief. Thus, in accordance with App.R. 18(C), "in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

the additional judgment being appealed. *See* App.R. 3(D) and (F)(1) and (2).[2]

{¶13} An appellate court "'does not have jurisdiction to review the trial court's decision absent the filing of a notice of appeal pursuant to App.R. 4, App.R. 5, and R.C. 2505.04.'" *State v. El-Jones*, 9th Dist. Summit No. 26136, 2012-Oio-4134, ¶ 42, quoting *State v. Daniels*, 9th Dist. Lorain No. 98CA007211, 2001 Ohio App. LEXIS 1277, * 12 (Mar. 21, 2001). *See also State v. Beyduk*, 12th Dist. Warren No. CA2017-10-144, 2018-Ohio-1690, ¶ 10 (finding court lacked jurisdiction over the appeal due to appellant's failure to comply with App.R. 3[A] and 4[A]). This court, therefore, does not have jurisdiction to review the judgment in Case No. 20CRB03406. Rather, we are limited to reviewing the judgment entered in Case No. 20CRB02869, from which there was a proper notice of appeal filed.[3]

{¶14} Turning to the issue of jail-time credit, we note that "[t]he Equal Protection Clause requires that all time spent in jail prior to trial and prior to commitment by a prisoner who is unable to afford bail must be credited to the prisoner's sentence." *State v. Macko*, 12th Dist. Clermont No. CA2019-08-068, 2020-Ohio-3410, ¶ 14, citing *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7. This principle is codified in R.C. 2949.08(C)(1), which requires the jailer in charge of a jail to "reduce the sentence of a person delivered into the jailer's custody * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the person was convicted and sentenced,

---

2. The Amended Notice of Appeal, which was only filed in the appellate court, improperly claimed that the original Notice of Appeal had been filed in Case No. 20CRB03406 and sought to add Case Nos. 20CRA02868 and 20CRB02869 to the appeal. However, as discussed above, the original Notice of Appeal only designated Case No. 20CRB02869 as the judgment being appealed. Case No. 20CRB03406 has not been identified in a properly filed Notice of Appeal. As such, this court lacks jurisdiction to review the judgment filed in Case No. 20CRB03406.

3. On July 16, 2021, this court granted appellant's request to supplement the record with the entire trial court file from Case Nos. 20CRA02868 and 20CRB02869. *State v. Soape*, 12th Dist. Butler No. CA2021-06-059 (July 16, 2021) (Entry Granting Motion to Supplement the Record). Appellant never sought leave to include the trial court file from Case No. 20CRB03406. As such, the trial court record in Case No. 20CRB03406 is not before us. To the extent our decision discusses events that transpired in Case No. 20CRB03406, we have obtained such information from filings in Case No. 20CRB02869 that reference Case No. 20CRB03406 or from the combined plea and sentencing hearing that occurred on May 5, 2021.

including confinement in lieu of bail while awaiting trial * * *." *See also* R.C. 2967.191(A) (requiring the department of rehabilitation and correction to reduce the prison term of a prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced). The trial court is required to determine "the number of days of confinement that a defendant is entitled to have credited toward his sentence." *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, ¶ 7.

{¶15} "When a defendant is sentenced to consecutive terms, the terms of imprisonment are served one after another. Jail-time credit applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence." *Fugate* at ¶ 22. Therefore, where prison or jail terms are imposed consecutively, jail-time credit shall be applied only once, to the total term. *Id.* at ¶ 10. Conversely, when a defendant is sentenced to concurrent terms for multiple charges, jail-time credit must be applied toward each concurrent term. *Id.* at syllabus.

{¶16} In the present case, appellant was not sentenced to a jail term, but rather sentenced to a term of community control and suspended jail terms on each of his convictions. In imposing appellant's sentence for criminal damaging in Case No. 20CRB02869, the trial court correctly noted that appellant had only been held in jail on the charge for two days before being released in that case on an OR bond.

{¶17} As for appellant's convictions for domestic violence and criminal damaging in Case No. 20CRB03406, the court awarded jail-time credit for only two days. As the record in Case No. 20CRB03406 is not before us, we cannot determine the amount of credit appellant is entitled to for the time he spent jailed in lieu of bail on these charges. We note, however, that if appellant were to violate the terms of his community control, and the trial court were to impose the suspended jail sentences consecutively, at that time appellant

would be permitted to file a motion with the trial court requesting a calculation of jail-time credit. *See State v. Middletown*, 8th Dist. Cuyahoga No. 106824, 2018-Ohio-5038, ¶ 9.

{¶18} Accordingly, given that appellant's appeal is limited to the judgment in Case No. 20CRB02869 and the number of days of confinement was properly determined in that case, we find no merit to appellant's assignment of error challenging the trial court's calculation of jail-time credit. Appellant's equal protection rights were not violated and his sole assignment of error is overruled.

{¶19} Judgment affirmed.

M. POWELL, P.J., and S. POWELL, J., concur.