[Cite as *State v. McCoy*, 2022-Ohio-995.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2020-12-127 |
| Appellee, | : | O P I N I O N<br>3/28/2022 |
| | : | |
| - vs - | : | |
| | : | |
| DAVID McCOY, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2019-11-1798

Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Repper-Pagan Law, Ltd., and Christopher J. Pagan, for appellant.

**M. POWELL, P.J.**

{¶ 1} Appellant, David McCoy, appeals his conviction and sentence in the Butler County Court of Common Pleas for sexual battery.

{¶ 2} On November 20, 2019, appellant was indicted on two counts of sexual battery in violation of R.C. 2907.03(A)(5) for engaging in consensual sexual conduct with his adult stepdaughter (the "Butler County Case"). A warrant for appellant's arrest was

issued contemporaneously with the indictment. At the time of the indictment, appellant was incarcerated in the Hamilton County jail on unrelated charges (the "Hamilton County Case"). Appellant was not served with the arrest warrant in the Butler County Case until March 6, 2020. Upon service of that warrant, appellant was granted an OR bond in the Hamilton County Case and was transported to the Butler County jail where he remained incarcerated during the pendency of the Butler County Case.

{¶ 3} The Butler County Case proceeded to a jury trial in October 2020. On October 16, 2020, the jury found appellant guilty on both counts. During a sentencing hearing on November 23, 2020, the trial court indicated it was granting appellant 263 days jail-time credit on each sexual battery count, sentenced appellant to 48 months in prison on Count 1 and 54 months in prison on Count 2, and ordered that the prison terms be served consecutively for an aggregate 102-month prison term. The trial court's sentencing entry was journalized on November 30, 2020. It granted appellant 263 days jail-time credit only on Count 2.

{¶ 4} Appellant now appeals, raising three assignments of error.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE COURT ERRED IN ITS JAILTIME-CREDIT CALCULATION.

{¶ 7} Appellant challenges the trial court's calculation of his jail-time credit, raising two issues. Specifically, appellant argues he is entitled to an additional 109 days jail-time credit for the time he was held in the Hamilton County jail between November 20, 2019, the day he was indicted and a warrant was issued for his arrest in the Butler County Case, and March 6, 2020, the day he was released from the Hamilton County jail on an OR bond and transported to the Butler County jail in the Butler County Case. Appellant further argues he must be resentenced because although the trial court granted appellant 263 days jail-time credit on each sexual battery count during the sentencing hearing, the sentencing entry

granted 263 days jail-time credit only on Count 2.

{¶ 8} The Equal Protection Clause and Ohio's sentencing statutes require that all time spent in jail prior to trial and prior to commitment must be credited to a prisoner's sentence. *State v. Fugate,* 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7. The Ohio Legislature codified this principle within R.C. 2967.191, which states that a prison term shall be reduced "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *." The trial court makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence. *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, ¶ 7.

{¶ 9} When a defendant is sentenced to concurrent prison terms for multiple charges, "courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit." *Fugate* at ¶ 12. R.C. 2967.191 requires that jail-time credit be applied toward each concurrent term. *Id.*

{¶ 10} Conversely, "[w]hen a defendant is sentenced to consecutive terms, the terms of imprisonment are served one after another. Jail-time credit applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence." *Fugate*, 2008-Ohio-856 at ¶ 22. Therefore, where prison terms are imposed consecutively, jail-time credit shall be applied only once, to the total term. *Id.* at ¶ 10; *State v. Soupe*, 12th Dist. Butler No. CA2021-06-059, 2021-Ohio-4114, ¶ 15. "A defendant sentenced to consecutive sentences on multiple charges does not have the right to multiply his single period of pretrial confinement by the number of convictions entered against him." *State v. Salmons*, 3d Dist. Union No. 14-19-02, 2019-Ohio-3541, ¶ 30.

{¶ 11} Due to the consecutive nature of his sentences, appellant was only entitled to

one jail-time credit to reduce the total stated prison term. The 263 days he served in the Butler County jail was therefore properly applied only once in the sentencing entry. Nonetheless, the matter must be remanded for resentencing on this issue as the sentencing entry granted appellant jail-time credit that differs from the jail-time credit granted at sentencing in appellant's presence. *See State v. Williams*, 10th Dist. Franklin Nos. 14AP-702 thru 14AP-704, 2015-Ohio-5113; *State v. Culver*, 160 Ohio App.3d 172, 2005-Ohio-1359 (2d Dist.); Crim.R. 43(A).

{¶ 12} We further find that appellant was not entitled to an additional 109 days jail-time credit for the time he was held in the Hamilton County jail between November 20, 2019, the day he was indicted and a warrant was issued for his arrest in the Butler County Case, and March 6, 2020, the day he was released from the Hamilton County jail on an OR bond and transported to the Butler County jail.

{¶ 13} An offender is not entitled to jail-time credit for any period of incarceration that arose from facts which are *separate* and *apart* from those on which his current sentence is based. *State v. Edmonds*, 12th Dist. Warren No. CA2014-03-045, 2015-Ohio-2733, ¶ 12. This principle is reflected in R.C. 2967.191 which requires jail-time credit be given only for the time the prisoner was confined for any reason *arising out of the offense* for which he was sentenced. *Id.* R.C. 2967.191 does not entitle a defendant to jail-time credit for any period of incarceration which arose from distinct circumstances. *Id.* "This means that there is no jail-time credit for time served on unrelated offenses, even if that time served runs concurrently during the pre-detention phase of another matter." *State v. Maddox*, 8th Dist. Cuyahoga No. 99120, 2013-Ohio-3140, ¶ 31.

{¶ 14} Appellant is not entitled to jail-time credit for the time he was incarcerated in the Hamilton County jail between November 20, 2019, and March 6, 2020, because he was not incarcerated by reason of the Butler County Case during that period of time. Rather,

- 4 -

appellant was incarcerated by reason of the Hamilton County Case during that period of time. Furthermore, the arrest warrant from the Butler County Case was not served on appellant until March 6, 2020. Even assuming that appellant was incarcerated in the Hamilton County jail in both the Hamilton County Case and the Butler County Case, he is not entitled to additional jail-time credit because the Butler County Case did not arise from the same facts that gave rise to the Hamilton County Case, but instead from separate unrelated matters. Even had the Butler County Case been dismissed, appellant would continue to be held in jail in the Hamilton County Case. *See Edmonds* at ¶ 16.

{¶ 15} Appellant's first assignment of error is sustained in part and overruled in part.

{¶ 16} Assignment of Error No. 2:

{¶ 17} THE COURT ERRED BY ISSUING A CONSECUTIVE-SENTENCING JUDGMENT THAT DIFFERED FROM THE CONSECUTIVE-SENTENCE FACTORS PRONOUNCED AT THE HEARING.

{¶ 18} Appellant argues he is entitled to resentencing because although the sentencing entry sets forth all the mandatory consecutive sentencing findings under R.C. 2929.14(C)(4), the trial court failed to make one of the two "disproportionate" findings under R.C. 2929.14(C)(4) on the record during the sentencing hearing. Specifically, the trial court failed to find that "consecutive sentences are not disproportionate to the danger the offender poses to the public."

{¶ 19} An appellate court generally reviews felony sentences under R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; *State v. Portefield*, 106 Ohio St.3d 5, 2005-Ohio-3095, ¶ 19.[1] R.C. 2953.08(G)(2) provides that an

---

1. There are exceptions to our ability to review all sentences, however. One of those is in R.C. 2953.08(D)(3), which excludes sentences imposed for aggravated murder and murder from appellate review. *State v. Portefield*, 106 Ohio St.3d 5, 2005-Ohio-3095, ¶ 19; *State v. Johnson*, 6th Dist. Lucas No. L-18-1265, 2019-Ohio-4899, ¶ 10.

appellate court can modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law. A consecutive sentence is contrary to law where the trial court fails to make the consecutive sentencing findings as required by R.C. 2929.14(C)(4). *State v. Eury*, 12th Dist. Butler No. CA2017-08-125, 2018-Ohio-1460, ¶ 6.

{¶ 20} Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *Id.* Specifically, the trial court must find that (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct *and* to the danger the offender poses to the public, and (3) one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 21} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell*, 140 Ohio St.3d 209,

2014-Ohio-3177, ¶ 37. While the trial court is not required to give reasons explaining these findings or recite the statutory language verbatim, it must be clear from the record that the court engaged in the required sentencing analysis and made the requisite findings. *Id.* at ¶ 29; *Eury*, 2018-Ohio-1460 at ¶ 7.

{¶ 22} As noted above, there are two components to the proportionality finding under R.C. 2929.14(C)(4). The trial court is required to find that consecutive sentences are not disproportionate to *both* (1) the seriousness of the offender's conduct, *and* (2) the danger the offender poses to the public. At sentencing, the trial court stated,

> [T]he Court is going to run Counts I and II consecutive to one another. The Court herein makes the findings under [R.C.] 2929.14(C)(4), that consecutive sentences are necessary to protect the public from future crime and necessary to punish the offender. The Court further indicates consecutive sentences are not disproportionate to the seriousness of the conduct.
>
> In this case, obviously, this was done and impregnation of the stepdaughter was done, and the danger posed to the party. I'll further indicate that the three and four – that's – two of the offenses were committed as part of one or more (indiscernible) of conduct, and the harm caused by the multiple was so great and unusual that no single prison term can adequately reflect the seriousness of the conduct as well as the history of criminal conduct demonstrates consecutive sentence is necessary to protect the public from future crime.

{¶ 23} In its subsequent sentencing entry, the trial court made all the findings required by R.C. 2929.14(C)(4), including a finding that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public."

{¶ 24} "[C]ase law shows that appellate courts have been fairly deferential to the trial court when reviewing the transcript of a sentencing hearing to determine whether the trial court has made the findings required by R.C. 2929.14(C)(4)." *State v. Richards*, 10th Dist. Franklin No. 19AP-259, 2019-Ohio-5325, ¶ 18. Regarding the R.C. 2929.14(C)(4)

proportionality finding, several courts of appeals have concluded that a trial court's failure to employ the phrase "not disproportionate" when it imposes a consecutive term of imprisonment does not mean that the appropriate analysis is not otherwise reflected in the transcript of the sentencing hearing or that the necessary finding has not been made. *See Richards*; *State v. Hollis*, 8th Dist. Cuyahoga No. 109092, 2020-Ohio-5258; *State v. Giles*, 9th Dist. Summit No. 27339, 2015-Ohio-2132.

{¶ 25} Upon reviewing the transcript of the sentencing hearing, we find that the trial court's statement that "consecutive sentences are not disproportionate to the seriousness of the conduct," followed by the statement, "this was done and impregnation of the stepdaughter was done, and the danger posed to the party" plainly indicate that the trial court considered proportionality with respect to both the seriousness of appellant's conduct and the danger he posed to the public. *See Hollis*. We therefore conclude that at sentencing, the trial court found not only that consecutive sentences are not disproportionate to the seriousness of appellant's conduct but also that consecutive sentences are not disproportionate to the danger appellant poses to the public. *See Richards*; *State v. Bland*, 10th Dist. Franklin Nos. 19AP-826 and 19AP-827, 2020-Ohio-4662 (noting that while no "talismanic incantation" of the words of R.C. 2929.14[C] is required at a sentencing hearing to impose consecutive sentences, it would have been better practice for the trial court to recite the statutory language, as it did in its judgment entry, to avoid any ambiguity on appeal).

{¶ 26} Appellant's second assignment of error is overruled.

{¶ 27} Assignment of Error No. 3:

{¶ 28} IT IS UNCONSTITUTIONAL UNDER THE OHIO EQUAL PROTECTION CLAUSE TO CRIMINALIZE CONSENSUAL SEXUAL CONDUCT BETWEEN A STEPPARENT AND AN ADULT STEPCHILD UNDER R.C. 2907.03(A)(5).

{¶ 29} Appellant was convicted of sexual battery under R.C. 2907.03(A)(5), Ohio's incest statute. Appellant argues that R.C. 2907.03(A)(5) is unconstitutional as applied to him because it criminalized consensual sexual conduct between him and his adult stepdaughter. In 2007, the Ohio Supreme Court upheld the constitutionality of R.C. 2907.03(A)(5) in criminalizing consensual sexual conduct between a stepparent and an adult stepchild, and appellant so acknowledges. *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606. Nevertheless, appellant asserts that a recent opinion of the supreme court calls the continued efficacy of *Lowe* into question. *See State v. Mole*, 149 Ohio St.3d 215, 2016-Ohio-5124 (holding that R.C. 2907.03[A][13], which criminalizes sexual conduct between a minor and a peace officer at least two years older than the minor, violates the Equal Protection Clause of the Ohio Constitution).

{¶ 30} Appellant failed to challenge the constitutionality of R.C. 2907.03(A)(5) in the trial court. "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus. Although appellate courts have "discretion to review a claimed denial of constitutional rights not raised below, 'that discretion will not ordinarily be exercised to review such claims, where the right sought to be vindicated was in existence prior to or at the time of trial.'" *Id.* at 123, quoting *State v. Woodards*, 6 Ohio St.2d 14 (1966).

{¶ 31} Because appellant's constitutional challenge was clearly apparent and available at the time of his trial, we decline to address it for the first time on appeal. *State v. McCuller*, 12th Dist. Butler No. CA2005-07-192, 2007-Ohio-348, ¶ 28; *State v. Colon*, 8th Dist. Cuyahoga No. 103504, 2016-Ohio-3462, ¶ 13.

{¶ 32} Appellant's third assignment of error is overruled.

{¶ **33**} Judgment reversed in part and remanded for the limited purpose of resentencing appellant regarding the 263 days jail-time credit to which he is entitled. In all other respects, the trial court's judgment is affirmed.

S. POWELL and HENDRICKSON, JJ., concur.