[Cite as *State v. Webb*, 2023-Ohio-677.]

## IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### HANCOCK COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                        CASE NO. 5-22-13

     v.

CORY A. WEBB,                                O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Hancock County Common Pleas Court
Trial Court No. 2021 CR 00173

Judgment Reversed and Cause Remanded

Date of Decision: March 6, 2023

APPEARANCES:

     *W. Alex Smith* for Appellant

     *Phillip A. Riegle* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Cory A. Webb ("Webb"), appeals the June 27, 2022 judgment of sentencing of the Hancock County Court of Common Pleas. For the reasons that follow, we reverse and remand this matter.

{¶2} On May 25, 2020, the Hancock County Grand Jury indicted Webb on Count One for trafficking in drugs in violation of R.C. 2925.03(A), a fifth-degree felony and Count Two for felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony.[1] On July 7, 2021, Webb appeared for arraignment and entered pleas of not guilty.

{¶3} However, on March 2, 2022, Webb entered guilty pleas under a negotiated-plea agreement. In exchange for Webb's guilty pleas and his promise to reimburse METRICH's Enforcement Unit $80 for the trafficking-in-drugs charge, the State agreed to amend Count Two to assault in violation of R.C. 2903.13(A), a first-degree misdemeanor.[2] The trial court conducted its Crim.R. 11 colloquy accepting Webb's guilty pleas, found him guilty, and ordered a presentence investigation.

{¶4} On May 26, 2022, the trial court sentenced Webb to an 11-month definite prison term under Count One, and he was given no jail-time credit. Then,

---

[1] Count One arose from events occurring on October 8, 2020 and Count Two arose from events occurring on April 8, 2021.

[2] Notably, there were no terms in the negotiated-plea agreement addressing jail-time credit.

the trial court sentenced Webb to 160 days in jail under Count Two giving him 160 days of jail-time credit, which resulted in time served.[3] Following the sentencing hearing and on May 27, 2022, Webb filed a motion for reconsideration of jail-time credit, which was denied by the trial court.

{¶5} Webb filed a timely notice of appeal and raises one assignment of error for our review.

## Assignment of Error

**The trial court erred by not running misdemeanor time concurrent to felony prison time in violation of R.C. 2929.41(A).**

{¶6} In his assignment of error, Webb argues the trial court erred by failing to run his misdemeanor and felony sentences concurrently to one another, which resulted in the trial court's failure to give him 160 days of jail-time credit for his pretrial detention served prior to the prison term imposed for his felony offense. Thus, he asserts that the trial court's sentence is an improper consecutive sentence under R.C. 2929.41(A) that is contrary to law.

### *Standard of Review*

{¶7} Under R.C. 2953.08(G)(2), an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is

---

[3] The judgment entry of sentence was filed on June 27, 2022. The trial court did not address whether Webb's sentences were to be imposed concurrently or consecutively either on the record at the sentencing hearing or in the judgment entry of sentencing.

otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶8} Because Webb was sentenced to a jail term for a misdemeanor conviction and a prison term for a felony conviction, we review R.C. 2929.41. Generally, under R.C. 2929.41, "a jail term, or sentence of imprisonment for [a] misdemeanor" must be served "concurrently with a prison term or sentence of imprisonment for felony served in a state * * * correctional institution". R.C 2929.41(A). Indeed, there are exceptions to the general rule that require the trial court to order consecutive sentences for misdemeanors and felonies; however, none of those exceptions are applicable to facts before us. *See* R.C. 2929.41(B)(3).

{¶9} Significantly, the trial court's judgment entry was silent regarding whether the trial court's sentence was to be served concurrently.[4] "However, [under] R.C. 2929.41(A), [a criminal] defendant's sentences are presumed to run concurrently *as a matter of law* if the trial court's sentencing entry is silent as to

---

[4] By zeroing out Webb's misdemeanor-jail term, it is apparent to us the trial court viewed it as an extinguished-jail term, and thus saw no need to address whether the imposition of that jail term was to be served concurrently or consecutively in the judgment entry.

whether the sentences are to be served consecutively or concurrently. (Emphasis added.) *State v. Harris*, 8th Dist. Cuyahoga No. 110566, 2022-Ohio-1396, ¶ 14, citing *State v. Wright*, 8th Dist. Cuyahoga No. 107213, 2019-Ohio-1361, ¶ 13, citing *State v. Hall*, 9th Dist. Summit No. 27942, 2016-Ohio-909, ¶ 6 and *State v. Marbury*, 10th Dist. Franklin No. 03AP-233, 2004-Ohio-3373, ¶ 68. Thus, the trial court's imposition of sentence herein involved a *concurrent* sentence.

{¶10} Nevertheless, even if we had reached a different conclusion, and found the trial court's judgment entry to be ambiguous regarding the imposition of concurrent or consecutive sentences, such ambiguities must be resolved in favor of the criminal defendant and the sentences must be served concurrently. *See State v. Carr*, 3d Dist. Union Nos. 14-05-48 and 14-05-50, 2006-Ohio-3073, ¶ 4, ("If a sentencing is ambiguous as to whether a sentence should be served concurrently or consecutively, the ambiguity must be resolved in favor of the defendant and the sentence must be served concurrently."). *See also Harris* at ¶ 15, citing *Wright* at ¶ 15.

{¶11} Next, we address whether Webb was entitled to jail-time credit for his pretrial confinement. The practice of awarding jail-time credit has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions. *State v. Maddox*, 8th Dist. Cuyahoga No. 99120, 2013-Ohio-3140, ¶ 38, citing *State v. Fugate*, 117 Ohio St.3d 261, 2009-Ohio-856, ¶ 7. "Ohio has long awarded offenders

a 'jail-time credit' at sentencing for the time they were confined while awaiting trial, in order to equalize the treatment of those who could afford bail with those who could not." *State v. Hargrove*, 1st Dist. Hamilton No. C-120321, 2013-Ohio-1860, ¶ 5, citing *Fugate* at ¶ 7. Jail-time credit is necessary because

> '[a] person with money will make bail while a person without money will not. If both persons are given identical sentences, the reality is that unless the person who did not make bail is given credit for his pretrial time, the poorer person will have served more time than the other. Unequal treatment based on personal wealth is anathema to the Constitution as a denial of equal protection.'

*Fugate* at ¶ 25 (Stratton, J., concurring), quoting *State v. Thorpe*, 10th Dist. Franklin Nos. 99AP-1180, 99AP-1181, 99AP-1182, 99AP-1183, 99AP-1184, 99AP-1185, 99AP-1186, and 99AP-1187, 2000 WL 966702, *3 (June 30, 2000).

{¶12} This principle is codified in R.C. 2967.191 for offenders sentenced to prison, and in R.C. 2949.08 for offenders sentenced to jail. *Hargrove* at ¶ 6 and fn. 1. Under both statutes, an offender is entitled to have the sentence reduced by the days he or she was confined prior to conviction. Both statutes require a sentence to be reduced by the total number of days an offender was confined "for any reason arising out of the offense for which the person was convicted and sentenced". R.C. 2967.191 and 2949.08(C)(1).

{¶13} Even though the Department of Rehabilitation and Correction ("DRC") has the duty to reduce the prison term of a prisoner as noted above, "the trial court has the duty to properly calculate the number of days to be credited."

*State v. Pitts*, 3d Dist. Allen No. 1-06-106, 2007-Ohio-5197, ¶ 15, quoting *State v. Eaton*, 3d Dist. Union No. 14-04-53, 2005-Ohio-3238, ¶ 9. The trial court's duty related to the felony offense arises from R.C. 2929.19(B)(2)(g)(i), and for misdemeanors, it derives from R.C. 2949.08(B).

**{¶14}** While R.C. 2967.191 and R.C. 2949.08 require that the DRC credit an inmate with jail time already served, "it is the trial court that makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence." *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, ¶ 7. *See also* Ohio Adm.Code 5120-2-04(B). Notwithstanding the foregoing, "[a]n inaccurate determination" of jail-time credit at sentencing "is not grounds for setting aside the offender's conviction or sentence and does not otherwise render the sentence void or voidable." R.C. 2929.19(B)(2)(g)(iv); *State v. Davis*, 2d Dist. Montgomery No. 27495, 2018-Ohio-4137, ¶ 16. Moreover, this information must be included within the sentence and entry. *See* R.C. 2949.12; Ohio Adm.Code 5120-2-04(B).

**{¶15}** Our review of the record reveals that Webb was indicted for offenses that arose from different offense dates and involved different facts and circumstances. Yet, at all times relevant, he was detained pretrial (in a single case) on both of the offenses for which he was ultimately convicted and sentenced. *See* R.C. 2967.191; R.C. 2949.08(C)(1). The record before us supports that Webb is

entitled to 160 days jail-time credit, which is not in dispute. Because Webb was sentenced concurrently on his misdemeanor and felony convictions, he was entitled to a 160-day jail-time-credit reduction in each of his jail and prison terms.

{¶16} The trial court and both parties rely on our recent decision in *State v. Cunningham*, 3d Dist. Marion No. 9-20-45, 2021-Ohio-1861, in support of their respective positions. In that matter, the trial court sentenced Cunningham on two separate cases: a community control violation and a separate fourth-degree felony that occurred during the period of community control supervision. *Id.* at ¶ 4-5. With respect to the community control violation, the trial court sentenced Cunningham to 180 days in jail and afforded her 180 days of jail-time credit, which "terminate[d] the case." *Id.* at 4. In relation to the new felony offense, the trial court sentenced Cunningham to 17 months in prison and applied zero days of jail-time credit to that case. Id.

{¶17} On appeal, Cunningham argued that the trial court erred by not applying any jail-time credit against her 17 month prison term. *Id.* at ¶ 5. In our ruling upholding the trial court's decision, we recognized two relevant periods of confinement – the time Cunningham served in jail *before* the sentencing hearing and the 17 months Cunningham was ordered to serve *after* the sentencing hearing. We acknowledged that these two periods of confinement were consecutive, rather than

concurrent sentences and the trial court applying jail-time credit as time served for a probation or community control violation was proper. *Id.* at ¶ 10-11.

{¶18} The State argues the trial court in the instant case was acting in accordance with *Cunningham* by applying all of the jail-time credit to the assault charge. However, this case is distinct from *Cunningham* in several ways. Most notably, the present case involves a felony and a misdemeanor conviction arising out of one indictment and one pretrial period of incarceration as Webb was held in custody on both offenses. In contrast, *Cunningham* involved two felony convictions from separate cases. Thus, *Cunningham* is not directly applicable to the present situation.

{¶19} Accordingly, Webb's sole assignment of error is sustained.

{¶20} Having found error prejudicial to the appellant herein in the particulars assigned and argued in his assignment of error, we reverse the judgment of the trial court and remand this matter for further proceedings consistent with this opinion.

***Judgment Reversed and***
***Cause Remanded***

**MILLER, P.J. concurs.**

**WILLAMOWSKI, J. concurs in Judgment Only.**

**/jlr**