[Cite as *State v. Griffin*, 2023-Ohio-1938.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO,                                            :

     Appellee,                                          :          CASE NOS. CA2022-09-051
                                                                                          CA2022-09-052
                                                         :                      CA2022-09-053
    - vs -                                                                   CA2022-09-054

                                                         :
                                                                    O P I N I O N
JASON MICHAEL GRIFFIN,                      :                 6/12/2023

     Appellant.                                        :

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case Nos. 2019 CR 0097; 2019 CR 0664; 2021 CR 0900; 2022 CR 0165

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas Horton, Assistant Prosecuting Attorney, for appellee.

W. Stephen Haynes, Clermont County Public Defender, and Robert F. Benintendi, Assistant Public Defender, for appellant.

**HENDRICKSON, J.**

{¶ 1}  Appellant, Jason Griffin, appeals from the sentence he received in the Clermont County Court of Common Pleas.  He contends that the trial court failed to give him jail-time credit to which he was entitled.  Because we conclude that the trial court miscalculated his jail-time credit, we reverse that part of Griffin's sentencing entry.

{¶ 2}  This case involves Griffin's conviction and sentence in four separate cases.

On January 24, 2019, Griffin was indicted in the first case on one count of aggravated possession of drugs (hereinafter referred to as "Case One"). After failing to appear at his arraignment, Griffin was arrested and detained in the county jail on February 10, 2019. The next day, Griffin was released on bond on February 11, 2019. On March 18, 2019, Griffin pled guilty to the charge of the indictment and was remanded into custody. On April 11, 2019, the trial court sentenced Griffin to three years of community control and advised him that a violation of his community control could lead to a prison term of 11 months.

{¶ 3} Thereafter, on July 16, 2019, Griffin was indicted on one count of aggravated possession of drugs (hereinafter referred to as "Case Two" and collectively with Case One as "the Community Control Cases"). An affidavit for community control violation was filed in Case One and a warrant was issued for his arrest. Griffin was subsequently arrested and confined in the county jail on October 27, 2019. After pleading not guilty to the charge in Case Two and admitting to the community control violation in Case One, Griffin was released from jail on October 29, 2019.

{¶ 4} On January 29, 2020, Griffin pled guilty as charged in Case Two. The trial court scheduled a sentencing hearing for both cases, at which Griffin failed to appear. Due to his failure to appear, the trial court issued a bench warrant and Griffin was arrested on May 18, 2020.

{¶ 5} The following day, the trial court held a sentencing hearing and found Griffin guilty of violating his community control in Case One, and guilty of aggravated possession of drugs in Case Two. The trial court then sentenced Griffin in both cases. For Case One, the trial court continued Griffin's community control, and ordered him to serve 180 days in jail or until a bed became available at the Community Correctional Center ("CCC"). When

a bed became available, the trial court ordered Griffin to serve up to an additional 180 days at the CCC. In Case Two, the trial court sentenced Griffin to three years of community control, along with the same jail-time and CCC sanctions it imposed in Case One. The trial court also advised Griffin that a violation of his community control in Case Two could result in a prison term of 12 months. The trial court ordered that the sentences in the Community Control Cases be served concurrently. After his sentencing, Griffin remained incarcerated in the county jail until June 9, 2020, when he was transferred to the CCC.

{¶ 6} On February 17, 2021, after Griffin's release from CCC, affidavits for community control violations were filed in the Community Control Cases. The alleged violations included failing to abide by local laws; failing to refrain from the use of illegal drugs; failing to report; and failing to follow his probation officer's instructions. Bench warrants were issued for Griffin's arrest, and he was subsequently detained on March 18, 2021. The trial court found Griffin guilty of violating his community control in both cases and he was remanded without bond pending sentencing. At sentencing, the trial court extended Griffin's community control to four years in both cases and ordered, in each case, Griffin to serve up to 90 days in jail or until a bed became available at a community based correctional facility (hereinafter referred to as "CBCF" and collectively with the CCC as "the Community Correctional Facilities"). The trial court indicated Griffin would then serve up to 90 additional days at the selected CBCF.

{¶ 7} The trial court prepared judgment entries reflecting the imposed sentences in the Community Control Cases. In its entries, the trial court did not specifically state whether the sanctions in Case One and Case Two were to run concurrently or consecutively; however, the entry of commitment prepared by the trial court included the case numbers

for both cases and was notated with "CCV(x2)."

**{¶ 8}** On April 22, 2021, Griffin was released from county jail to address charges against him in Hamilton County. When those charges were resolved, the trial court ordered Griffin to return to Clermont County to serve his sentence in the Community Control Cases. On May 3, 2021, Griffin returned to the Clermont County jail, where he remained until a CBCF bed became available on May 18, 2021.

**{¶ 9}** In October 2021, Griffin was indicted on one count of aggravated possession of drugs and one count of breaking and entering (hereinafter referred to as "Case Three"). As a result of the criminal charges, affidavits for community control violations were filed in the Community Control Cases.

**{¶ 10}** In February 2022, Griffin was indicted on one count of aggravated possession of drugs (hereinafter referred to as "Case Four").[1] Shortly after his indictment, Griffin entered guilty pleas in Case Three and Case Four and was found guilty of violating his community control in the Community Control Cases. The trial court scheduled a joint sentencing hearing for all four cases; however, Griffin failed to appear. At that point, the trial court issued a warrant for his arrest. Griffin was subsequently detained on August 16, 2022 and remanded without bond until sentencing.

**{¶ 11}** On August 26, 2022, the trial court held a sentencing hearing for all four cases. Prior to imposing its sentence in the Community Control Cases, the trial court noted that Griffin had spent a total of 190 days committed at the Community Correctional Facilities. The trial court then revoked Griffin's community control in both cases and proceeded with

---

1. The indictment in Case Four was subsequently amended, as the state reduced the initial third-degree felony to a fifth-degree felony. Griffin waived issuance of a new indictment reflecting the amendment.

- 4 -

sentencing.

{¶ 12} In Case One, the trial court sentenced Griffin to eight months in prison. Regarding jail-time credit, the trial court found that Griffin would receive credit for the entire eight-month sentence in Case One, as he had served a total of 129 days in local jail, in addition to the 190 days in the Community Correctional Facilities. In sum, the trial court determined that Griffin had served a total of 319 days to which he was entitled to credit, 240 of which satisfied his eight-month sentence in Case One.

{¶ 13} In Case Two, the trial court imposed an eight-month prison sentence, which was to be served consecutively to the eight-month sentence imposed in Case One. The trial court applied the remainder of Griffin's jail-time credit, 79 days, to his sentence in Case Two.

{¶ 14} In Case Three, the trial court found that Griffin was not amenable to community control, and imposed an aggregate 16-month prison term, which was to be served consecutively to the prison terms imposed in Case One, Case Two, and Case Four. The trial court did not award any jail-time credit toward Griffin's sentence in Case Three.

{¶ 15} In Case Four, the trial court also determined Griffin was not amenable to community control, and imposed a 12-month prison term, which was to be served consecutively with the sentences ordered in the other three cases. The trial court did not award any jail-time credit toward Griffin's sentence in Case Four.

{¶ 16} Griffin now appeals, raising the following assignment of error for our review:

{¶ 17} THE TRIAL COURT ERRED IN CALCULATING JAIL-TIME CREDIT.

{¶ 18} On appeal, Griffin argues the trial court erred in its application of jail-time credit to his sentences.

{¶ 19} The Equal Protection Clause and Ohio's sentencing statutes require that all time spent in jail prior to trial and prior to commitment must be credited to a prisoner's sentence. *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7. The Ohio Legislature codified this principle within R.C. 2967.191, which states that a prison term shall be reduced "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *." The trial court makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence. *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, ¶ 7. "[A] trial court's failure to properly calculate an offender's jail-time credit and to include the amount of jail-time credit in the body of the offender's judgment amounts to plain error." *State v. Edmonds*, 12th Dist. Warren No. CA2014-03-045, 2015-Ohio-2733, ¶ 9.

{¶ 20} In this case, Griffin claims the trial court erred in awarding only 79 days of jail-time credit towards his eight-month prison sentence in Case Two. Specifically, because the trial court ordered the Community Control Cases to run concurrently in May 2020 and April 2021, Griffin argues the trial court should have applied the 75 days he spent in county jail between May 18, 2020 and May 18, 2021, as well as the 190 days he spent in the Community Correctional Facilities, to each of his eight-month prison sentences in the Community Control Cases. Based upon his calculation, Griffin claims he accrued 295 days of jail-time credit in Case One and 265 separate days of jail-time credit in Case Two. As a result, he argues that each of the eight-month prison terms imposed in the Community Control Cases had been served in their entirety at the time he was sentenced on August 26, 2022, and his remaining 24 days of jail-time credit should have been applied to the

prison term imposed in Case Three.[2]

{¶ 21} In response, the state contends that the allocation of jail-time credit does not manifest until the trial court decides the length of each term and how it is to be imposed relative to the others. According to the state, the trial court could not determine whether to allocate the time Griffin was confined in jail, the CCC, and the CBCF to either Case One or Case Two until it determined whether the prison terms imposed were ordered to be served consecutively or concurrently. Thus, because the court ultimately ordered the eight-month sentences in Case One and Case Two to be served consecutively, the court did not err in failing to award the same jail-time credit to more than one offense.

{¶ 22} As noted above, a defendant is entitled to jail-time credit for confinement "for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial[.]" R.C. 2967.191. This includes all time served in a community-based correctional facility. *State v. Napier*, 93 Ohio St.3d 646, 2001-Ohio-1890 (2001), syllabus ("[a]ll time served in a community-based correctional facility constitutes confinement for purposes of R.C. 2967.191"); *see also State v. Whited*, 12th Dist. Butler No. CA2019-04-079, 2019-Ohio-18, ¶ 28.

{¶ 23} When a defendant is sentenced to prison for multiple offenses, the proper application of jail-time credit hinges upon whether consecutive or concurrent prison terms are imposed. If a defendant is sentenced to concurrent prison terms for multiple charges, "courts do not have the discretion to select only one term from those that are run

---

2. In his appellate brief, Griffin included a chart detailing the days he spent in confinement throughout the four cases, which is based upon the "Total Jail Time in Confinement" document filed with the trial court. Based upon the breakdown within the chart, Griffin claims he is entitled to a credit of 295 days in Case One, 265 days in Case Two, and 24 days in Case Three.

concurrently against which to apply jail-time credit." *Fugate*, 2008-Ohio-856 at ¶ 12. That is, R.C. 2967.191 requires that jail-time credit be applied toward each concurrent term. *Id.* Conversely, "[w]hen a defendant is sentenced to consecutive terms, the terms of imprisonment are served one after another. Jail-time credit applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence." *Id.* at ¶ 22. Therefore, where prison terms are imposed consecutively, jail-time credit shall be applied only once, to the total term. *Id.* at ¶ 10; *State v. Soupe*, 12th Dist. Butler No. CA2021-06-059, 2021-Ohio-4114, ¶ 15.

{¶ 24} On appeal, Griffin's argument primarily focuses upon the trial court's calculation and application of the jail-time credit he accrued in the Community Control Cases. As discussed above, Griffin was initially arrested on February 10, 2019 after failing to attend his arraignment in Case One. Griffin was released the following day on February 11, 2019, accruing two days of jail-time credit. Thereafter, Griffin pled guilty to the charge of the indictment and was remanded into custody on March 18, 2019. Griffin remained incarcerated until his sentencing on April 11, 2019, accruing 25 days of jail-time credit. Griffin was apprehended again on October 27, 2019, pursuant to a warrant issued as a result of violating his community control. Griffin was released from jail on October 29, 2019, after accruing three more days of jail-time credit.

{¶ 25} Griffin was arrested again on May 18, 2020 after failing to appear for the joint sentencing hearing. By this time, Griffin had accrued 30 days of jail-time credit in Case One. Thereafter, the trial court held a sentencing hearing and imposed community control, which included jail-time and CCC sanctions in both cases. The trial court ordered the sentences to be served concurrently. Griffin remained incarcerated for a total of 23 days

before a bed became available at the CCC on June 9, 2020.  There is no question that this period of confinement arose out of the offenses for which Griffin was convicted and sentenced for in both Community Control Cases.

{¶ 26} Griffin later violated the terms of his community control in the Community Control Cases.  The trial court issued a bench warrant and Griffin was apprehended on March 18, 2021.  On March 19, 2021, the trial court held a joint sentencing hearing and imposed jail-time and CBCF sanctions in both cases.

{¶ 27} In the judgment entry imposing its sentences, the trial court did not note whether the sentences in Case One and Case Two were to run concurrently or consecutively.  While the entry of commitment prepared by the trial court included the case numbers for each of the Community Control Cases, it is likewise silent as to whether the trial court's sentences were to be served concurrently or consecutively.  Notwithstanding this lack of designation, pursuant to "R.C. 2929.41(A), [a criminal] defendant's sentences are presumed to run concurrently as a matter of law if the trial court's sentencing entry is silent as to whether the sentences are to be served consecutively or concurrently." *State v. Webb*, 3d Dist. Hancock No. 5-22-13, 2023-Ohio-677, ¶ 9.  Accordingly, the trial court's imposition of sentences on April 7, 2021, involved concurrent sentences.

{¶ 28} After his arrest on March 18, 2021, Griffin remained incarcerated until April 22, 2021, 36 days, when he was released to address his pending charges in Hamilton County.  Griffin returned to the Clermont County jail on May 3, 2021, where he remained until a CBCF bed became available 16 days later.

{¶ 29} Like his prior incarceration between May 2020 and June 2020, it is evident the above periods of confinement, totaling 75 days, arose from the offenses for which Griffin

was convicted and sentenced for in both Community Control Cases. It is also undisputed that after his arrest on May 18, 2020, and before his indictment in Case Three, Griffin spent a total of 190 days in the CCC and CBCF.

{¶ 30} When considering the totality of Griffin's confinement, the trial court concluded he had accrued 319 days of jail-time credit, as he had spent 129 days in local jail and 190 days in the Community Correctional Facilities. It appears the trial court arrived at its 319-day total by awarding Griffin credit for a total of 30 days for the time he initially served in Case One; 265 days for his confinement discussed above, which encompasses the periods of time he was incarcerated in Clermont County between May 18, 2020 and his indictment in Case Three; as well as 24 days for his time served after his indictment in Case Three. The state claims the trial court's allocation and calculation was appropriate, as the trial court ordered Griffin's four prison terms be served consecutively, meaning jail-time credit shall be applied only once, to the total term. *Fugate*, 2008-Ohio-856 at ¶ 10.

{¶ 31} After our review of the record, and despite the state's claim to the contrary, we conclude the trial court erred in its jail-time credit calculation. That is, due to the concurrent nature of Griffin's sentences for much of Case One and Case Two, we find Griffin is entitled to 265 additional days of jail-time credit.

{¶ 32} As noted by the state, a trial court is not prohibited, per se, from sentencing an offender to concurrent terms of community control but consecutive prison terms as a possible punishment for violating those community control sanctions. *See e.g. State v. Marcum*, 4th Dist. Hocking No. 19CA7, 2020-Ohio-3962, ¶ 10, citing *State v. Dusek*, 4th Dist. Hocking No. 18CA18, 2019-Ohio-3477, ¶ 4. However, the Ohio Supreme Court recently determined that a reserved prison term may only be "ordered to be served

consecutively to any other sentence at a community-control-revocation hearing if notice was given when the prison term was reserved that the term could be required to be served consecutively to another prison term at the time of revocation." *State v. Jones*, Slip Opinion No. 2022-Ohio-4485, ¶ 15.

{¶ 33} In this case, when it initially imposed community control in Case Two, the trial court reserved a 12-month prison term, and informed Griffin in its accompanying judgment entry that a violation of his community control would lead to more restrictive sanctions, longer control sanctions, or a prison term of 12 months. The trial court's entry did not state that such a prison term could run consecutively to another prison term if his community control was revoked. Later, in August 2022, the trial court revoked Griffin's community control and imposed an eight-month prison term, to run consecutively with the prison term imposed in Case One.

{¶ 34} Based on the above, there is no indication in the record before us that Griffin was advised that if he violated the terms of his community control in Case Two, that he could be ordered to serve the reserved prison term consecutively with any other prison term imposed at that time. Nonetheless, Griffin failed to provide the court with a transcript of the May 2020 sentencing hearing, during which the trial court initially reserved the 12-month prison term in Case Two, or the March 2021 sentencing hearing where the court extended his community control. We must presume regularity in those proceedings and that the trial court notified Griffin of the possibility of a consecutive sentence if he violated his community control. *State v. Schrieber*, 12th Dist. Warren No. CA2018-03-026, 2019-Ohio-2963, ¶ 28.

{¶ 35} In light of the above, we agree with the state that the trial court was permitted to order consecutive sentences in August 2022 for the new community control violations.

- 11 -

However, simply because the trial court was not obligated to impose concurrent sentences for new violations of community control does not render the previously concurrent nature of Griffin's sentences immaterial to the calculation of his jail-time credit.

**{¶ 36}** Between his initial detention in Case One and his release from the CBCF, Griffin served 295 days in confinement. This encompasses the 30 days of jail-time credit Griffin accrued between February 10, 2019 and October 29, 2019 in Case One; as well as the 265 days he spent confined relating to his community control violations between May 2020 and October 2021.

**{¶ 37}** Regarding Case Two, the record indicates Griffin spent 75 days in jail and 190 days in the Community Correctional Facilities prior to his indictment in Case Three. During that time Griffin was serving concurrent sentences in the Community Control Cases, which the trial court ordered after Griffin's conviction in Case Two, as well as his violation of community control in February 2021. Due to the concurrent nature of his sentences, Griffin satisfied the jail-time, CCC, and CBCF sanctions imposed in both Community Control Cases during those 265 days. As a result, the 265 days Griffin served during this time in Case Two overlapped with 265 days Griffin was confined in Case One, which is consistent with Ohio law where the defendant is serving concurrent sentences. *See State v. Carroll*, 5th Dist. Fairfield No. 01 CA 48, 2002 Ohio App. LEXIS 820, *3-4 (Feb. 7, 2002) (finding the appellant was entitled to jail-time credit for time spent in a CBCF in each of her community control cases where the cases ran concurrently and the CBCF was a condition of her community control in each case); *see also State v. Macko*, 12th Dist. Clermont No. CA2019-08-068, 2020-Ohio-3410, ¶ 20 ("The fact that sentences run concurrently merely means that the prisoner is given the privilege of serving each day a portion of each

sentence").

**{¶ 38}** While we are mindful that the trial court subsequently revoked Griffin's community control and imposed a consecutive prison term in Case Two, that consecutive prison term stemmed from a community control violation that occurred after Griffin's concurrent jail-time, CCC, and CBCF sentences had been served in full. Accordingly, because Griffin was, for the relevant 265 days, serving sentences simultaneously in Case One and Case Two, the trial court erred in allocating 240 days of that time solely against the sentence imposed in Case One. In so doing, the trial court disregarded the concurrent sentence Griffin served in Case Two between May 2020 and October 2021, and effectively negated the 240 days he was held during that time for his charges and sentence in Case Two. A defendant is entitled to jail-time credit for confinement "for any reason arising out of the offense for which the prisoner was convicted and sentenced." R.C. 2967.191. Therefore, the trial court erred in reducing Griffin's jail-time credit award in Case Two by the 240 days it applied in Case One. Instead, Griffin is entitled to 295 days of jail-time credit against the eight-month prison term in Case One, as well as 265 days of jail-time credit against the eight-month prison term imposed in Case Two.

**{¶ 39}** Turning to the application of any remaining jail-time credit, the record reflects Griffin is entitled to 24 additional days of jail-time credit stemming from his time in confinement after his indictment in Case Three. During that time, Griffin accrued 13 days between December 18, 2021 and January 21, 2022, when he was held for various periods of time relating to Case Three and the subsequent community control violations.[3] Griffin

---

3. This includes the 10 days Griffin accrued between December 18 and December 27, 2021, when he was held pursuant to a warrant issued on the indictment in Case Three; in addition to the three days Griffin accrued

- 13 -

accrued the remaining 11 days between August 16, 2022 and August 26, 2022, when he was held awaiting sentencing in all four cases. As a result, Griffin is entitled to 13 additional days of jail-time credit in Case Three, and 11 additional days of jail-time credit in either Case Three or Case Four.

{¶ 40} In light of the above, Griffin's sole assignment of error is sustained. The trial court's judgment is reversed with respect to the amount of jail-time credit it awarded. This case is remanded for the limited purpose of amending the sentencing entry to reflect the correct jail-time credit to which Griffin is entitled, including 295 days in Case One; 265 days in Case Two; 13 days in Case Three; and 11 days in either Case Three or Case Four.

{¶ 41} Judgment reversed and remanded.

S. POWELL, P.J., and M. POWELL, J., concur.

---

between January 19 and January 21, 2022, when he was held pursuant to a warrant issued after he failed to appear for a hearing in the Community Control Cases and Case Three.