[Cite as *State v. Phillips*, 2024-Ohio-3065.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

TROY C. PHILLIPS,

        Defendant-Appellant.

**CASE NO. 2024-A-0020**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2023 CR 00616

---

**O P I N I O N**

Decided: August 12, 2024
Judgment: Affirmed

---

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Calvin Nguyen*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Brian A. Smith*, Brian A. Smith Law Firm, LLC, 123 South Miller Road, Suite 250, Fairlawn, OH 44333 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Defendant-appellant, Troy C. Phillips ("appellant"), appeals his conviction for Assault. For the following reasons, we affirm.

{¶2} On December 19, 2023, a bill of information was filed charging appellant with Assault, a fourth-degree felony, in violation of R.C. 2903.13(A) and (C)(5)(a).[1] On December 21, 2023, appellant appeared before the court with counsel for arraignment. Appellant waived his right to have his case presented to a grand jury and opted to proceed

---

1. This matter was bound over from the Ashtabula County Court, Western Division on December 8, 2023 in Case No. 2023 CR A 00485, 2023 CR B 00486.

on the bill of information. He further waived the 24-hour prior service rule on the bill of information.

{¶3} Appellant appeared with counsel, waived his rights, and entered a guilty plea to the offense as charged. A presentence investigation (PSI) was ordered.

{¶4} A sentencing hearing was held on January 29, 2024. The trial court noted "multiple misdemeanor and felony convictions beginning in 2002" and that appellant had been to prison more than once. The trial court expressed its concern about placing appellant on probation or community control because he did not respond well to previously imposed sanctions, had been sentenced to prison and continued to commit crimes. The trial court then stated: "The Court finds that community control would demean the seriousness of the conduct in this case and its impact upon the victim and would not adequately protect the public, therefore, a sentence of imprisonment is commensurate with the seriousness of the defendant's conduct and a prison sentence does not place an unnecessary burden on the state." The trial court declined to adopt the jointly recommended sentence and sentenced appellant to nine months in prison to be served locally in the Ashtabula County Jail. This sentence was further ordered to be served concurrently with the sentences he received on unrelated charges in Ashtabula County Court, Western Division Case Nos. 2023 CRB 419, 2023 CRB 420, and 2023 CRB 492.

{¶5} Appellant appeals and raises a single assignment of error: "Appellant's guilty plea was not knowingly, voluntarily, and intelligently made, in violation of Appellant's right to Due Process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution, due to Appellant having made the plea believing that he would receive an agreed-upon sentence. [T.p. 26]."

2

Specifically, appellant argues that he "only pleaded guilty based on the belief that he would * * * receive an agreed sentence of community control in exchange for his guilty plea." He asserts that "the trial court's decision not to impose the parties stipulated sentence rendered Phillips' guilty plea unenforceable under the United States and Ohio Constitutions, as it was not knowingly, voluntarily, or intelligently made." We disagree.

{¶6} "'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.'" *State v. Veney*, 2008-Ohio-5200, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, (1996). "Crim.R. 11 was adopted in 1973, giving detailed instruction to trial courts on the procedure to follow when accepting pleas." *Veney* at ¶ 7. Crim.R. 11 "'ensures an adequate record on review by requiring the trial court to personally inform the defendant of [her] rights and the consequences of [her] plea and determine if the plea is understandingly and voluntarily made.'" *State v. Dangler*, 2020-Ohio-2765, ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168, (1975). "This court reviews de novo whether the trial court accepted a plea in compliance with Crim.R. 11." *State v. Willard*, 2021-Ohio-2552, ¶ 51 (11th Dist.).

{¶7} Crim.R. 11(C)(2) provides:

> In felony cases the court may refuse to accept a plea of guilty * * * and shall not accept a plea of guilty * * * without first addressing the defendant personally * * * and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

Case No. 2024-A-0020

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶8} During the plea hearing the trial court engaged in a colloquy pursuant to Crim.R. 11(C). Specifically, the trial court explained to appellant his constitutional rights, which appellant waived. After the trial court explained that the court could impose a prison term, the trial court also explained that the trial court was not bound by any agreed sentence between appellant and the State. Appellant indicated that he understood. This advisement is also contained in the written guilty plea, signed by appellant, which reads as follows: "I understand that any recommendation to the Court by the State is not binding in any way on the Court and that any sentence imposed is in the sole discretion of the Court. This sentence is a stipulated and agreed to sentence by the parties for the purpose identified in R.C. 2953.08(D)(1)."

{¶9} Appellant relies upon *State v. Bowen*, 52 Ohio St. 2d 27 (1977), paragraph 1 of the syllabus. in support of his claim which holds that "[t]he inducement of a guilty plea, in part, by the prosecutor's promise to recommend to the trial court the imposition of concurrent sentences notwithstanding the fact that R.C. 2929.41 expressly provides for consecutive sentences under the circumstances, negates the requisite voluntary and knowing character of the plea and thus voids the plea." This case is factually

4

distinguishable. In the instant case, the State and appellant jointly recommended a sentence to the trial court as part of appellant's plea. The State made the recommendation along with appellant as promised. Appellant was advised that the recommendation was not binding upon the court.

{¶10} Moreover, the trial court inquired if any promises were made to the appellant or if he was coerced or threatened in any way to enter a guilty plea. Appellant responded in the negative. While appellant did not receive the jointly recommended sentence, he was advised both in writing and by the trial court, that the court could sentence him differently, including sentencing him to a prison term.

{¶11} Appellant also argues that the trial court did not state that the sentence would be served concurrently in its sentencing entry and did not discuss his eligibility regarding judicial release.

{¶12} At the sentencing hearing, the trial court indicated that appellant's sentence would run concurrently to the sentences he received in his unrelated cases. Appellant asserts that the sentencing entry did not indicate whether appellant's sentences would be served concurrently or consecutively. While the sentencing entry is silent in this regard, sentences are presumed to run concurrently as a matter of law. R.C. 2929.41(A). *State v. Griffin*, 2023-Ohio-1938, ¶ 27 (12th Dist.) citing *State v. Webb*, 2023-Ohio-677, ¶ 9 (3d Dist.).

{¶13} Appellant further asserts that the trial court failed to inform him of his eligibility regarding judicial release.

{¶14} "Crim.R. 11(C) does not place a specific burden on the trial court to inform a defendant of his or her eligibility for judicial release. * * * A defendant's eligibility or

5

ineligibility for judicial release is not one of the matters Crim.R. 11(C)(2)(a) specifically addresses or requires a court to directly address vis-à-vis the sentence a court may impose when the defendant enters a plea of guilty or no contest." *State v. Brownlee*, 2023-Ohio-1090, ¶ 24, (11th Dist.).

{¶15} While the trial court did not orally advise appellant of his eligibility regarding judicial release, appellant's written plea did contain the appropriate advisement. Contained in the written plea, is the following advisement: "I understand for this offense(s) that I do not face mandatory time in prison and if I go to prison, the law does allow me to apply for judicial release after a specific length of time served." Therefore, the omission by the trial court during the colloquy does not affect the knowing, voluntary, or intelligent nature of appellant's plea.

{¶16} Therefore, appellant's plea was knowingly, intelligently, and voluntarily entered and appellant's sole assignment of error is overruled.

{¶17} For the reasons discussed in this opinion, the judgment of the Ashtabula County Court of Common Pleas is affirmed.

MARY JANE TRAPP, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2024-A-0020