[Cite as *State v. Butler*, 2026-Ohio-318.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2025-T-0035 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| JOSHUA A. BUTLER, | |
| Defendant-Appellant. | Trial Court No. 2024 CR 00564 |

## OPINION AND JUDGMENT ENTRY

Decided: February 2, 2026
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Charles L. Morrow*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Robert T. McDowall, Jr.*, Robert T. McDowall Co., L.L.C., 415 Wyndclift Place, Youngstown, OH 44515 (For Defendant-Appellant).

MATT LYNCH, P.J.

{¶1} Appellant, Joshua A. Butler, appeals from the May 9, 2025 entry of the Trumbull County Court of Common Pleas, following his guilty plea to five offenses, sentencing him to serve an aggregate prison term of 8 to 12 years. Finding no reversible error, we affirm the trial court's judgment.

{¶2} On October 2, 2024, Butler was charged by way of indictment on ten counts: Counts 1-3, Aggravated Vehicular Assault (F2), in violation of R.C. 2903.08(A)(1)(a) & (B)(1)(a); Count 4, Failure to Stop After an Accident (F5), in violation of R.C. 4549.02(A)(1) & (B)(2)(a); Count 5, Operating a Motor Vehicle While Under the Influence

of Alcohol or Drugs ("OVI") (M1), in violation of R.C. 4511.19(A)(1)(a) & (G)(1)(a)(i); Count 6, Assault (F4), in violation of R.C. 2903.13(A) & (C)(5)(a); Count 7, Resisting Arrest (M2), in violation of R.C. 2921.33(A) & (D); Count 8, Possession of Fentanyl-Related Compound (F5), in violation of R.C. 2925.11(A) & (C)(11)(a); and Counts 9-10, Aggravated Possession of Drugs (F5), in violation of R.C. 2925.11(A) & (C)(2)(a). Butler pleaded not guilty at his arraignment.

{¶3} On March 13, 2025, the trial court held a final pretrial and change-of-plea hearing. The prosecution offered the following factual basis for the charges in the indictment:

> [T]his defendant was operating a motor vehicle on State Route 7 in Vernon Township. The defendant crossed over the center line into opposing traffic, causing an oncoming vehicle to swerve off the roadway to avoid a head-on collision. The vehicle that went off the roadway hit a culvert, flew into the air and landed on another culvert. The three victims inside the vehicle . . . all sustained physical harm. Each of the victims required continuous treatment to address the lasting injuries in their backs. The defendant then fled the scene of the accident. An off-duty deputy encountered the defendant and attempted to restrain him. An on-duty deputy arrived in uniform and marked cruiser. They attempted to take him into custody. The defendant continued to resist and kicked the deputy in the chest. [Ohio State Patrol] arrived on scene. They performed limited field sobriety tests which the defendant failed. They came to the conclusion, based on their training and experience, that the defendant had been operating his vehicle while under the influence of drugs or alcohol. The defendant was driving on a suspended license at the time. An inventory of the vehicle that he was driving was performed. Officers found 1.019 grams of a fentanyl-related compound. The defendant also has a prior . . . felony drug conviction, in Trumbull County Case Number 09-CR-101. To prove these allegations, the State would have brought forth the testimony of the victims in this case and the arresting officers.

{¶4} After some discussion about the parties' negotiated plea agreement, Butler withdrew his not guilty plea and pleaded guilty to Count 1, Aggravated Vehicular Assault

(F2); Count 4, Failure to Stop After an Accident (F5); Count 5, OVI (M1); Count 6, Aggravated Assault (F4) and Count 8, Possession of a Fentanyl-Related Compound (F5).

{¶5} The plea agreement, memorialized in the March 13, 2025 Finding on Guilty Plea to the Amended Indictment, included the following jointly recommended sentence:

> Count 1: an indefinite sentence of a minimum term of five (5) years to a maximum term of seven and a half (7 ½) years.
>
> Count 4: twelve (12) months
>
> Count 5: six (6) months in the Trumbull County Jail.
>
> Count 6: twelve (12) months
>
> Count 8: twelve (12) months
>
> The sentences in each count to be served concurrently to each other for an aggregate prison sentence of a minimum of five (5) years to a maximum term of seven and half (7 ½) years.
>
> The State to nolle counts 2, 3, 7, 9, and 10 at sentencing.

The plea agreement set forth the possible maximum sentences and other consequences for each of the five counts and included the following advisement: "I understand that if I am charged with multiple counts, the Court may impose consecutive sentences, which could consist of the total of all indefinite minimum terms imposed; plus any definite terms imposed; plus any terms for specifications; plus one-half (1/2) of the longest minimum term or definite term for the most serious felony being sentenced."

{¶6} The trial court advised Butler that it was not bound by the parties' sentencing recommendation and that the potential maximum prison sentence the court could impose for these five counts amounted to 3 ½ years definite plus 8 to 12 years indefinite. Butler requested the court to impose sentence immediately. Sentencing was deferred, however, for the sole purpose of determining the final amount of damages for restitution purposes.

Case No. 2025-T-0035

{¶7}   On May 1, 2025, the matter came on for sentencing.  After a statement from the victims' representative, the State advised that the victims were attempting to obtain restitution through a pending civil suit.  Butler addressed the court and expressed his remorse.  The trial court engaged Butler in a discussion about the presentence investigation report, noting his extensive criminal history.

{¶8}   Ultimately, the trial court did not adopt the parties' jointly recommended sentence of 5 to 7 ½ years.  Rather, the court imposed an aggregate prison sentence of 8 to 12 years; to wit: an indefinite term of 8 to 12 years on Count One to be served concurrently with 12 months on Count Four, 18 months on Count Six, 12 months on Count Eight, and 180 days in jail on Count Five.  Butler's driver's license was suspended for five years, and he was ordered to pay a fine of $375.00.  The entry on sentence was journalized on May 9, 2025.

{¶9}   It is from this judgment that Butler filed the instant appeal and raises two assignments of error for our review.  We jointly consider Butler's assignments of error, as he fails to argue them separately in his brief,[1] and they each relate to the trial court's decision not to impose the parties' jointly recommended sentence.

{¶10}   Butler initially contends that "the trial court chose to inject itself into the plea negotiations (before the agreement was finalized) and did so on the Record.  As such, and notwithstanding the court's later pronouncement, the court became a party to the

---

1. Butler's brief does not comply with App.R. 16(A)(7), which requires "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review . . . ."  Thus, it would be within this court's discretion to disregard each of Butler's assignments of error and summarily affirm the trial court.  *See* App.R. 12(A)(2) (an appellate court "may disregard an assignment of error presented for review if the party raising it . . . fails to argue the assignment separately in the brief, as required under App.R. 16(A)").

Case No. 2025-T-0035

plea agreement and was thereby bound by its terms and conditions including its sentencing component."

{¶11} It is well established that "trial courts may reject plea agreements and that they are not bound by a jointly recommended sentence." *State v. Underwood*, 2010-Ohio-1, ¶ 28. "A trial court does not err by imposing a sentence greater than 'that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor.'" *State ex rel. Duran v. Kelsey*, 2005-Ohio-3674, ¶ 6, quoting *State v. Buchanan*, 2003-Ohio-4772, ¶ 13 (5th Dist.). On the other hand, "if it is determined that a trial court accepted a jointly recommended sentence and unequivocally agreed to impose it, and then imposes a harsher sentence than that agreed upon without warning a defendant that it might vary from the agreement if certain conditions are not met, then reversible error occurs which necessitates either remand for resentencing in accordance with the terms of the original plea agreement, or to allow the defendant to withdraw his guilty plea." *State v. Harp*, 2024-Ohio-2120, ¶ 24 (4th Dist.), relying on *State v. Bakos*, 2023-Ohio-2827 (11th Dist.) and *State v. Bonnell*, 2002-Ohio-5882 (12th Dist.).

{¶12} Butler supports his argument that the trial court agreed to impose the jointly recommended sentence with the following excerpt from the change-of-plea hearing:

> THE COURT: . . . So you're going to guarantee yourself 5 to 7 and a half years in prison if you take this deal. If you don't you're looking at over 30 possible years. Do you want to take that risk? . . .
>
> THE DEFENDANT: Can I get sentenced today . . . ?

{¶13} While a judge's use of the word "guarantee" during a plea hearing may be ill advised, this was not the only discussion had on the record regarding the negotiated plea agreement and the jointly recommended sentence. Here, the entirety of the discussion and plea colloquy reveals the trial court did not inject itself into the plea negotiations, did not become a party to the plea agreement, and did not adopt or agree to impose the jointly recommended sentence:

> THE COURT: Okay. Well, what was the offer extended?
>
> [PROSECUTOR]: Your Honor, the offer was amended to Count 1, Aggravated Vehicular Assault, F2; Count 4, Failure to Stop After an Accident, F5; one count of OVI, M1; one count of Possession of a Fentanyl-Related Compound.[2] And I believe the State was going to nolle the balance.
>
> THE COURT: You were going to have a jointly recommended sentence of 5 to 7 and a half years; correct?
>
> [PROSECUTOR]: That was the last plea negotiation, yes, Your Honor.
>
> THE COURT: Well, Mr. Butler, I have a Rule 11 Agreement before me. You signed this proposed Rule 11 Agreement. You changed your mind today?
>
> THE DEFENDANT: I found out that there's minor injuries in the case, Your Honor, and not life threatening. And I wasn't advised of that, Your Honor. And – believe me, I know you don't play, and I don't want to hold none of your court time up at all, Your Honor. It's a long time that I'm facing in my life. The first time I seen this case was three weeks ago. That's it.
>
> THE COURT: We are going to have a little discussion about that because, right now, he's looking at – what's the maximum sentence in all charges?
>
> [PROSECUTOR]: Oh, Your Honor, yeah, it would be considerable. I think there are three counts of Aggravated Vehicular Assault. Those are all F2s. So those are a maximum of 8 on each. So you're looking at 24 on those alone.
>
> THE COURT: Over 30 years. You understand if you go to trial and you get convicted, you're looking at a potential sentence – the Court gets to decide that – it could be over 30 years in prison. Do you understand that?

---

2. The offer also included a plea of guilty to one count of Aggravated Assault, which was correctly acknowledged multiple times throughout the plea hearing.

Case No. 2025-T-0035

THE DEFENDANT: Yes, Your Honor, I do.

THE COURT: All right. And your lawyers and the State are making the recommendation that you serve 5 to 7 and a half years. That's called a jointly recommended sentence. The Court is not required to follow that, but if the Court should follow that, that's – you're guaranteeing yourself a 5-to-7-and-a-half-year sentence. Do you understand that?

THE DEFENDANT: I'm sorry, Your Honor, my head is kind of trying to get around all this. Sorry.

THE COURT: Well, you have an agreed sentence right now. If the Court goes along with it, you're going to do 5 to 7 and a half years in prison. So you're limiting the amount of time that you're looking at. There's lots of things that when a case goes to trial, there's all kinds of facts we don't get to hear. Stuff comes up. Evidence changes. And I can tell you, the Court will not go along with a jointly recommended sentence at a trial date. There is no such thing. So you're going to guarantee yourself 5 to 7 and a half years in prison if you take this deal. If you don't you're looking at over 30 possible years. Do you want to take that risk? And before you say "yes" or "no" –

THE DEFENDANT: Can I get sentenced today, Your Honor?

THE COURT: Before you say "yes" or "no," speak to your attorneys.

[DEFENSE COUNSEL]: Judge, he's ready to move forward with the agreed-upon plea.

[PROSECUTOR]: Your Honor, though, just to point out, I don't have a number on restitution. I don't.

THE COURT: Well, we can do the plea today and we have to have that number before sentencing. So we have to have a fixed number before sentencing. So we can take the plea today and set the sentencing out in a week or two and get the chance to get a final figure because we can't – we're not allowed under Ohio law to give an open number.

[PROSECUTOR]: I completely understand. And I have reached out. And I'll reach out again.

[DEFENSE COUNSEL]: His only hesitation, Your Honor, and I don't even know if it's a hesitation at this point, I think it's the insecurity that he thinks that somehow the plea and offer are going to change. My conversation with him off the record was that once the plea is taken today, it is contractual in

Case No. 2025-T-0035

nature, that will not change, other than the fact that the restitution would be addressed at a later date.

THE DEFENDANT: Correct.

[DEFENSE COUNSEL]: Okay?

THE DEFENDANT: All right.

THE COURT: All right. . . .

. . .

THE COURT: I have before me, Mr. Butler, a document that's titled Finding on a Guilty Plea to the Amended Indictment. These documents are commonly called plea agreements here inside the courtroom. . . . Has anybody promised you anything special to enter into the plea agreement?

THE DEFENDANT: Just that I would get released in 5 years, Your Honor. That's all.

THE COURT: We're going to talk about that in a minute, but any other promises?

THE DEFENDANT: No, Your Honor.

. . .

THE COURT: You also have in here what's called a jointly recommended sentence where your attorneys and the State of Ohio are going to recommend that you serve various sentences on all these crimes, for an aggregate sentence of minimum of 5 years to a maximum 7 and a half. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand that a jointly recommended sentence is just that. It is not binding on this Court. The Court may impose whatever sentence it deems appropriate within the sentencing guidelines.

THE DEFENDANT: Yes, Your Honor.

Case No. 2025-T-0035

{¶14} In addition, at the sentencing hearing, the defense did not object or request to withdraw the plea when the court clarified that the sentence was jointly recommended by the parties and had not been agreed to by the court:

[DEFENSE COUNSEL]: Your Honor, this was an agreed upon resolution with the prosecution and the defense –

THE COURT: It was a jointly recommended –

[DEFENSE COUNSEL]: It was jointly recommended.

THE COURT: It was not agreed on by the Court.

[DEFENSE COUNSEL]: Understood. That's exactly right. It was – it was a jointly recommended sentence. We'd simply respectfully ask the Court to follow it, Judge.

{¶15} It is more than apparent that the jointly recommended sentence of 5 to 7 ½ years provided the inducement for Butler to enter his guilty pleas in this matter. However, because the trial court forewarned Butler of the applicable penalties, including a warning that it was not bound to impose the jointly recommended sentence, the court did not err by imposing a sentence greater than that forming the inducement for Butler to plead guilty. *See Duran*, 2005-Ohio-3674, at ¶ 6.

{¶16} Butler alternatively contends that "the trial court's acceptance of the plea and informing Appellant the court was deferring sentence for the sole purpose of obtaining a restitution figure would be, at a minimum, confusing to Appellant. From this pronouncement and the court sitting silently (at a minimum) while Appellant was assured the plea agreement was contractual and binding certainly falls below the standard of demonstrating a knowing, intelligently made and voluntary plea along with a waiver of constitutional rights."

Case No. 2025-T-0035

{¶17} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "The best way to ensure that pleas are entered knowingly and voluntarily is to simply follow the requirements of Crim.R. 11 when deciding whether to accept a plea agreement." *State v. Clark*, 2008-Ohio-3748, ¶ 29.

{¶18} "This court reviews de novo whether the trial court accepted a plea in compliance with Crim.R. 11." *State v. Willard*, 2021-Ohio-2552, ¶ 51 (11th Dist.).

{¶19} Relevant to the present appeal is Crim.R. 11(C)(2)(a), which provides that the court in a felony case "shall not accept a plea of guilty . . . without first addressing the defendant personally . . . and . . . [d]etermining that the defendant is making the plea voluntarily, with understanding . . . of the maximum penalty involved." When a court fails to advise of a nonconstitutional right such as the maximum penalty, "a defendant must affirmatively show prejudice to invalidate a plea." *State v. Dangler*, 2020-Ohio-2765, ¶ 14, citing *State v. Veney*, 2008-Ohio-5200, ¶ 17.

{¶20} As stated above, although use of the word "guarantee" at the plea hearing was ill advised, the statements made by the trial court were sufficient to inform Butler that he could receive a sentence greater than the jointly recommended sentence. The court informed Butler that "a jointly recommended sentence is just that. It is not binding on this Court. The Court may impose whatever sentence it deems appropriate within the sentencing guidelines." Butler indicated that he understood. The court advised Butler of the maximum penalties faced under the indictment and, specifically, on each of the five

charges to which Butler pleaded guilty. The written plea agreement advised: "I understand that if I am charged with multiple counts, the Court may impose consecutive sentences, which could consist of the total of all indefinite minimum terms imposed; plus any definite terms imposed; plus any terms for specifications; plus one-half (1/2) of the longest minimum term or definite term for the most serious felony being sentenced." Butler indicated that he was not promised anything to induce his guilty pleas. Under these circumstances, the court complied with the Crim.R. 11 requirement to ensure Butler was aware, before he entered his pleas, that he may not receive the jointly recommended sentence. This court has held that a defendant's plea was entered knowingly, intelligently, and voluntarily in circumstances similar to those in the present matter. *See, e.g., State v. Johnson*, 2018-Ohio-2465 (11th Dist.); *State v. Phillips*, 2024-Ohio-3065 (11th Dist.); *State v. Hiles*, 2025-Ohio-1119 (11th Dist.). We conclude the same here.

{¶21} The arguments raised under Butler's assignments of error are without merit.

{¶22} The judgment of the Trumbull County Court of Common Pleas is affirmed.


JOHN J. EKLUND, J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-T-0035

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error are without merit. It is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

PRESIDING JUDGE MATT LYNCH

JUDGE JOHN J. EKLUND,
concurs

JUDGE EUGENE A. LUCCI,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-T-0035